ORIGINAL

Of Counsel:
CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

ROBERT E. CHAPMAN    #2679
MARY MARTIN    #5475
Topa Tower, Suite 2100
700 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 535-8400
Facsimile:  (808) 535-8444
rchapman@paclawteam.com
mmartin@paclawteam.com

Attorneys for Defendant
  Robert Alan Jones

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 24 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT ALAN JONES,<br><br>    Defendants,<br><br>―――――――――――――――<br><br>ROBERT ALAN JONES,<br><br>    Counterclaimant,<br><br>vs.<br><br>CAROL J. NELSON, MICHAEL CETRARO,<br><br>    Counterclaim Defendants. | CIVIL NO. 01-0182 HG/LEK<br><br>NOTICE OF HEARING; DEFENDANT'S MOTION FOR CLARIFICATION AS TO REMAINING PARTIES AND CLAIMS; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE<br><br>Non-hearing Motion<br><br>JURY TRIAL: Tentative Date: April 18, 2006<br><br>TRIAL JUDGE: Magistrate Judge Kevin S.C. Chang |

## NOTICE OF HEARING

TO:   ENVER W. PAINTER, Jr., Esq.
      1188 Bishop St., Suite 2505
      Honolulu, HI 96813

NOTICE IS HEREBY GIVEN that DEFENDANT ROBERT ALAN JONES' MOTION FOR CLARIFICATION AS TO REMAINING PARTIES AND CLAIMS, has been filed herein as a non-hearing motion pursuant to Local Rule 7.2. Any response to said Motion must be served and filed no later than 11 days after the date of the Certificate of Service identified below.

Said motion is supported by the memorandum and exhibits attached hereto, and the files and records herein.

DATED:   Honolulu, Hawaii, JAN 24, 2006.

ROBERT E. CHAPMAN
MARY MARTIN
Attorneys for Defendant
Robert Alan Jones

```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

CAROL J. NELSON,              ) CIVIL NO. 01-0182 HG/LEK
                              )
         Plaintiff,           ) DEFENDANT'S MOTION FOR
                              ) CLARIFICATION AS TO
    vs.                       ) REMAINING PARTIES AND
                              ) CLAIMS
ROBERT ALAN JONES,            )
                              )
         Defendants,          )
                              )
                              )
ROBERT ALAN JONES,            )
                              )
         Counterclaimant,     )
                              )
    vs.                       )
                              )
CAROL J. NELSON, MICHAEL      )
CETRARO,                      )
                              )
         Counterclaim         )
         Defendants.          )
                              )
                              )
                              )
```

## DEFENDANT'S MOTION FOR CLARIFICATION AS TO REMAINING
## PARTIES AND CLAIMS

Defendant Robert Alan Jones hereby moves this Honorable Court for clarification as to the claims remaining herein, as well as the identity of the parties remaining herein. The specific clarifications sought are first, whether vacating the summary judgment order

3

effected a reinstatement of both the Complaint and the Second Amended Counterclaim, or whether it reinstated only the Complaint.[1]  The second clarification asks whether, as a result of the Ninth Circuit's action vacating the summary judgment order, Michael Cetraro remains as a counterclaim defendant.

The justification and basis for this motion are that following the reversal and remand from the Ninth Circuit Court of Appeals, the parties - that is, those who admit to remaining as parties (i.e. Plaintiff and Defendant Jones) - have tentatively agreed to set the trial before Magistrate Kevin S.C. Chang, but there are disparate views on what issues remain to be tried, as well as what parties remain as litigants herein.  The disparate views include whether Michael Cetraro is a party; because his counsel takes the position that he is not a party, Michael Cetraro has not signed the stipulation assigning the case to a magistrate (thus it has not been submitted for approval), and therefore the magistrate does not have jurisdiction.

---

[1] The Summary Judgment order only addressed Counts I and III of the Complaint, so it is presumed that those are the only counts reinstated as to the Complaint.

Defendant Jones' position is that, with the summary judgment order vacated, the entire summary judgment order was reversed, and thus the Second Amended Counterclaim was reinstated in its entirety, as well as the issues of the Complaint which were addressed in the summary judgment order.[2] The question of what parties remain may be determined once the court identifies what issues remain, but Defendant Jones' position is that both Plaintiff Carol Nelson, and counterclaim defendant Michael Cetraro, both remain as parties to the action.

Plaintiff's position is that only the issues of the Complaint were reinstated when the Ninth Circuit reversed this Court's summary judgment order, and that therefore Michael Cetraro would not be a party, as his identity in the lawsuit is as a counterclaim defendant. The logic is that if the counterclaim was not reinstated, then Cetraro would not be a party.

---

[2] The record shows that Plaintiff willingly dismissed her remaining causes of action following entry of the court's order granting summary judgment; because the remaining causes of action were voluntarily dismissed, it is Defendant Jones' position that there is no question that those additional causes of action remain dismissed.

Judge Chang has declined and refused to make any determination as to the issues and parties, for the obvious reason that until the stipulation to assign this case to a Magistrate Judge has been signed and approved by this Honorable Court, he lacks jurisdiction over substantive matters. Because Cetraro's counsel disputes whether Cetraro is a party, Cetraro has not been asked to sign the stipulation. Judge Chang, in a status conference on January 3, 2006, instructed counsel for the parties to seek clarification from this Honorable Court. The parties could not agree on language for a stipulation, thus Defendant Jones brings this motion.

This motion is based on the pleadings and records herein, as well as the decision of the Ninth Circuit Court of Appeals, filed herein on March 3, 2005, vacating the order granting summary judgment and remanding.

DATED: Honolulu, Hawaii, JAN 24, 2006.

*[signature]*
ROBERT E. CHAPMAN
MARY MARTIN
Attorneys for Defendant
Robert Alan Jones