IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT ALAN JONES,<br><br>    Defendants,<br><br>ROBERT ALAN JONES,<br><br>    Counterclaimant,<br><br>vs.<br><br>CAROL J. NELSON, MICHAEL CETRARO,<br><br>    Counterclaim Defendants. | CIVIL NO. 01-0182 HG/LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

Defendant/Counterclaimant Robert Alan Jones ("Jones") takes the position that his counterclaim was fully reinstated with the Ninth Circuit's reversal of the summary judgment order, and that Michael Cetraro is therefore still a party to this action, as a

7

counterclaim defendant. Defendant Jones seeks clarification from the Court, and therefore a response to the following questions:

1. Exactly what claims remain; i.e. did the reversal of the Ninth Circuit effect a reinstatement of both the Complaint and Jones' Second Amended Counterclaim ("Counterclaim") in their entirety? If not, what claims were reinstated?

2. Whether or not Michael Cetraro remains a party herein?

Jones' appeal was from the entire order granting summary judgment, which order granted judgment to Plaintiff on two affirmative claims, and as to dismissal of Jones' Second Amended Counterclaim.

The following facts are undisputed, as shown by the record and the docket herein:

- On February 13, 2001, Plaintiff filed the Complaint in the Third Circuit Court, State of Hawaii.
- Removal was effected to the United States District Court, District of Hawaii, on or about March 23, 2001.

- April 2, 2001 - Defendant Jones answered and counterclaimed, joining additional counterclaim defendants, including, inter alia, Michael Cetraro.

- October 10, 2001 - Defendant Jones filed a Second Amended Counterclaim and jury demand.

- November 15, 2001 - Counterclaim Defendants, Plaintiff and Michael Cetraro, filed an answer to the Second Amended Counterclaim.

- August 28, 2002 - Plaintiff and Michael Cetraro filed their Motion for Summary Judgment and for Expungement of Lis Pendens.

- February 19, 2003 - This Court entered its written order granting summary judgment on Cetraro/Nelson motion.[3]

- July 17, 2003 - Judgment entered, granting summary judgment and dismissing the Second Amended Counterclaim pursuant to the Order entered February 19, 2003, and dismissing

---

[3] The Order Granting Summary Judgment addressed Counts 1 and 3 of the Complaint, and Counts 1 through 8 of the Counterclaim. On June 27, 2003, Plaintiff stipulated to dismiss Counts 2, 4, 5, and 6 of the Complaint.

9

  remaining claims against Defendant Jones which had not been addressed in the summary judgment motion.

- At the time of the summary judgment order, the only parties remaining were Plaintiff, Defendant Robert Jones, and Counterclaim Defendant Michael Cetraro.

- August 17, 2003 - Robert Jones appealed; his Notice of Appeal, as well as the CADS, indicates the appeal is from the Second Amended Counterclaim.

- March 3, 2005 - The 9th Circuit vacated and remanded the District Court decision.

The Opinion of the 9th Circuit is short and concise; after giving a short statement of the undisputed facts, the order states:

> To the extent the district court concluded that the Agreement of Sale was invalid due to a failure of consideration or condition precedent, it erred bcause the Agreement does not clearly and unequivocally condition the sale of the condominium on the successful completion of the Licensing Agreement. ... In addition, as the district court recognized, there are material issues of fact concerning the

10

> circumstances under which the Licensing Agreement failed.
>
> To the extent the district court relied on Jones' material breach of the Agreement of Sale to grant summary judgment, it erred because there is a material issue of fact as to whether Jones suspended his performance until he received assurance that Nelson would perform under the contract, as is permitted under Hawaii law.
>
> We reject Nelson's contention that this appeal is moot because she has sold the condominium. The unavailability of specific performance does not preclude a court from fashioning some other equitable remedy.
>
> **VACATED and REMANDED.**

See Memorandum, 9th Circuit Court of Appeals, January 18, 2005.

Although the ruling does not identify the claims and parties (with the exception of actually mentioning specific performance - one of the claims within the Counterclaim), it vacates the entire Order granting summary judgment. Since the Order addresses Counts I and III of the Complaint, and the entire Second Amended Counterclaim, all of the claims that were dismissed by this Court's Order, are reinstated.

11

**CONCLUSION**

For the reasons stated above, Defendant Jones respectfully requests that this Court enter its clarification, indicating that the Second Amended Counterclaim is reinstated, and that Michael Cetraro remains as a party to this lawsuit.

DATED: Honolulu, Hawaii, ___JAN 2 4 2006___.

_____
ROBERT E. CHAPMAN
MARY MARTIN
Attorneys for Defendant Robert A. Jones