ORIGINAL

ENVER W. PAINTER, JR.   2525
Attorney at Law
1188 Bishop Street, Suite 2505
Honolulu, Hawaii 96813
Telephone: (808) 537-9777

Attorney for Plaintiff and
Counterclaim/Defendant
Carol J. Nelson and
Counterclaim/Defendant Michael Cetraro

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 8 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON,<br><br>                Plaintiff,<br>vs.<br><br>ALAN JONES; DOES 1-30,<br><br>                Defendants.<br><br>ROBERT ALAN JONES, a Nevada resident,<br><br>                Counterclaimant<br>vs.<br><br>CAROL NELSON, a Hawaii resident, MICHAEL CETRARO, a Montana resident, CHARLES HEAUKULANI, Esq., a Hawaii resident, ROBERT SHELBY, Esq., a Utah resident, MICHAEL BILANZICH, a Utah resident | Civil No. 01-00182 HG-LEK<br><br>PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION AS TO REMAINING PARTIES AND CLAIMS; DECLARATION OF ENVER W. PAINTER, JR; EXHIBITS "A" - "B"; AND CERTIFICATE OF SERVICE<br><br>JURY TRIAL:   Tentative Date: April 18, 2006<br><br>TRIAL JUDGE:   Magistrate Judge Kevin S. C. Chang |

and JEFFREY GROSS, Esq., a  )
Utah resident,  )
  )
        Counterclaim  )
        Defendants.  )
  )

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION AS TO REMAINING PARTIES AND CLAIMS

COME NOW Plaintiff/Counterclaim Defendant, Carol J. Nelson by and through their attorney, the undersigned, and hereby submits this Memorandum in Response to Defendant/Counterclaimant, Robert Alan Jones's Motion for Clarification as to Remaining Parties and Claims filed on January 24, 2006.

It is Plaintiff's position that Defendant Jones did not appeal from this Court's grant of summary judgment dismissing his counterclaims and that the Ninth Circuit vacated and remanded only that part of this Court's Judgment regarding Plaintiff Nelson's Complaint for possession (Count I) and declaratory relief (Count III) regarding the ownership of the subject condominium. Defendant Jones position that the Ninth Circuit opinion somehow reinstated his Counterclaim is based upon the erroneous belief that the Ninth Circuit "reversed" this Courts grant of summary judgment and judgment. The Ninth Circuit did not "reverse" this Court's judgment. Instead, the Ninth Circuit specifically found that "to the extent the district court concluded the Agreement of Sale was invalid due to a failure of consideration and

condition precedent" and "to the extent the district court relied upon Jones material breach of the Agreement of Sale to grant summary judgment" it erred. The Ninth Circuit then <u>vacated</u> only those portions of this Court's judgment and remanded. The Ninth Circuit did not "reverse" this Court's judgment in toto as argued by Jones in the instant motion.

Plaintiff's position herein is not only supported by the plain language of the Ninth Circuit's Memorandum Opinion, a copy of which is attached hereto as Exhibit A, but is also supported by the record herein.

It is clear that Defendant Jones did not appeal from the dismissal of his counterclaims. Other than reciting in his Notice of Appeal the title of the summary judgment order appealed from, Jones does not once even mention or other wise refer to his counterclaim in his briefs filed with the Ninth Circuit. Jones' statement of "Issues Presented" as set forth in his Opening Brief clearly only present issues regarding this Court's granting of Nelson's claims regarding the possession and ownership of the condominium. No issues regarding Jones Counterclaim were presented to the Ninth Circuit for consideration or decision. A copy of Jones statement of "Issues Presented" as set forth in his Opening Brief is attached hereto as Exhibit B.

Similarly, it is clear that the Ninth Circuit made no decision regarding

any of the Counts as set forth in Jones counterclaims. The Ninth Circuit only vacated and remanded the Court's granting of summary judgment "to the extent that the district count concluded that the Agreement of Sale was invalid due to a failure of consideration or condition precedent" as set forth in numbered paragraph 1 on page 25 of this Court's order granting Plaintiff's Motion for summary judgment and "to the extent that the district court relied upon Jones' material breach of the Agreement of Sale" as set forth in numbered paragraph 2 starting on page 30 of said order. The Ninth Circuit did not consider or rule upon the granting of summary judgment as to Jones Counterclaims based upon conspiracy to defraud and to deprive him of property rights, for conversion and interference with economic advantage or for unjust enrichment, each of which was dismissed for failure to state a claim or because of Jones failure to support one or more of the elements of his claim.

An appellate Court's decision to vacate a judgment and remand the case based upon a finding of error does not reopen the whole case for reconsideration of all issues that were decided below. <u>Robinson v. Ariyoshi</u> 854 F.2d 1189 (9th Cir. 1988); later proceeding (DC Hawaii) 703 FSupp 1412, revd, vacated on other grounds 933 F2d 781 (9th Cir 1991)  To deviate from the accepted norm and to reopen issues not specifically vacated and remanded in this civil case

would deprive Plaintiff Nelson of her "rightful sense of repose and frustrate the judicial system's core principles of finality and efficiency." Kotler v. American Tobacco Co., 981 F.2d 7, 13-14 (1st Cir. 1992)

Only those issues affected by the Ninth Circuit's determination of "error" regarding Jones breach of the Agreement of Sale and failure of consideration and condition precedent are properly before this Court on remand. Issues raised in Jones Counterclaims against Nelson and Counterclaim Defendant Cetraro are not properly before the Court and Cetraro is no longer a party to this action. As such, Cetraro's consent to trial by Magistrate Judge is not needed. This matter should proceed to trail before a Magistrate Judge between Jones and Nelson on the issues of Jones' breach of the Agreement of Sale and the unenforceability of the Agreement of Sale for failure of consideration and condition precedent.

DATED:   Honolulu, Hawaii, February 8, 2006

ENVER W. PAINTER, JR.
Attorney for Plaintiff/Counterclaim
Defendant Carol J. Nelson and Counterclaim
Defendant Michael Cetraro

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CAROL J. NELSON, | ) | Civil No. 01-00182 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| ALAN JONES; DOES 1-30, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ROBERT ALAN JONES, a Nevada resident, | ) | |
| | ) | |
| Counterclaimant | ) | |
| vs. | ) | |
| | ) | |
| CAROL NELSON, a Hawaii resident, MICHAEL CETRARO, a Montana resident, CHARLES HEAUKULANI, Esq., a Hawaii resident, ROBERT SHELBY, Esq., a Utah resident, MICHAEL BILANZICH, a Utah resident and JEFFREY GROSS, Esq., a Utah resident, | ) | DECLARATION OF ENVER W. PAINTER, JR.; AND EXHIBITS "A" AND "B" |
| | ) | |
| Counterclaim Defendants. | ) | |

## DECLARATION OF ENVER W. PAINTER, JR.

I am counsel for Plaintiff and Counterclaim Defendant Carol J. Nelson and

Counterclaim Defendant Michael Cetraro in the above entitled action and make this Declaration as follows:

1. Attached hereto as Exhibit A is a true and correct copy of the Ninth Circuit's Memorandum Opinion filed on March 03, 2005 in the case of Carol J. Nelson Case No, 03-16542, United States Court of Appeals for the Ninth Circuit.

2. Attached hereto as Exhibit B is a true and correct copy of Appellant Jones' Statement of Issues Presented in his Opening Brief filed on May 10, 2004 in the case of Carol J. Nelson Case No, 03-16542, United States Court of Appeals for the Ninth Circuit.

THIS DECLARATION IS MADE UNDER PENALTY OF PERJURY.

DATED: Honolulu, Hawaii, February 8, 2006.

_____
ENVER W. PAINTER, JR
Attorney for Plaintiff/Counterclaim
Defendant Carol J. Nelson and Counterclaim
Defendant Michael Cetraro