COUNSEL
HG
LEK
DAVID
WARREN

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROL J. NELSON,<br><br>    Plaintiff-counter-defendant - Appellee,<br><br>v.<br><br>DOES, 1-30,<br><br>    Defendant,<br><br>CHARLES HEAUKULANI, a Hawaii resident,<br><br>    Counter-defendant,<br><br>and<br><br>ROBERT ALAN JONES,<br><br>    Defendant-counter-plaintiff - Appellant,<br><br>MICHAEL , a Montana resident,<br><br>    Counter-defendant - Appellee. | No. 03-16542<br>D.C. No. CV-01-00182-HG<br><br>JUDGMENT<br><br>FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII<br><br>MAR 0 3 2005<br><br>at 11 o'clock and 40 min. A M<br>WALTER A.Y.H. CHINN, CLERK |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

Exhibit "A"

FILED

NOT FOR PUBLICATION

JAN 18 2005

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| CAROL J. NELSON, | No. 03-16542 |
|---|---|
| Plaintiff-Appellee, | D.C. No. CV-01-00182-HG |
| v. | |
| ROBERT ALAN JONES, | MEMORANDUM* |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted January 10, 2005**

Before:   BEEZER, HALL, and SILVERMAN, Circuit Judges.

Robert Alan Jones appeals pro se the district court's order granting Carol J. Nelson summary judgment in her diversity action seeking possession of a

---

   * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

   ** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

condominium in Kona, Hawaii. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Lite-On Peripherals, Inc. v. Burlington Aire Express, Inc.*, 255 F.3d 1189, 1192 (9th Cir. 2001), we vacate and remand.

For purposes of the summary judgment motion at issue here, the parties agreed that an Agreement of Sale for the condominium existed between Nelson and Michael Bilanzich, with whom she had entered a contemporaneous Licensing Agreement to sell branded coffee products. For purposes of the motion, the parties also appear to have agreed that Bilanzich subsequently assigned whatever interest he had in the condominium to Jones.

To the extent the district court concluded that the Agreement of Sale was invalid due to a failure of consideration or condition precedent, it erred because the Agreement does not clearly and unequivocally condition the sale of the condominium on the successful completion of the Licensing Agreement. *See State v. Thom*, 563 P.2d 982, 988-89 (Haw. 1977). In addition, as the district court recognized, there are material issues of fact concerning the circumstances under which the Licensing Agreement failed.

To the extent the district court relied on Jones' material breach of the Agreement of Sale to grant summary judgment, it erred because there is a material issue of fact as to whether Jones suspended his performance until he received

2

assurance that Nelson would perform under the contract, as is permitted under Hawaii law. *See Romig v. Vallance*, 637 P.2d 1147, 1152-53 (Haw. App. 1981).

We reject Nelson's contention that this appeal is moot because she has sold the condominium. The unavailability of specific performance does not preclude a court from fashioning some other equitable remedy. *See PR Pension Fund v. Nakada*, 809 P.2d 1139, 1147-48 (Haw. App. 1991) (citing *Jenkins v. Wise*, 574 P.2d 1337, 1341-42 (Haw. 1978)).

**VACATED and REMANDED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR - 1 2005

by: _____
Deputy Clerk