IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>ALAN JONES; DOES 1-30,<br><br>        Defendants.<br><br>———————————————<br><br>ROBERT ALAN JONES, a Nevada resident,<br><br>        Counterclaimant,<br><br>    vs.<br><br>CAROL NELSON, a Hawaii resident, MICHAEL CETRARO, a Montana resident, CHARLES HEAUKULANI, Esq., a Hawaii resident, ROBERT SHELBY, Esq., a Utah resident, MICHAEL BILANZICH, a Utah resident, and JEFFERY GROSS, Esq., a Utah resident.<br><br>        Counterclaim Defendants. | CIVIL NO. 01-00182 HG-LEK<br><br>**ORDER CLARIFYING REMAINING PARTIES AND CLAIMS** |

**ORDER CLARIFYING REMAINING PARTIES AND CLAIMS**

Defendant Robert Alan Jones ("Jones") moves for clarification of an order of the Ninth Circuit Court of Appeals vacating and remanding this Court's order granting summary

1

judgment in favor of Plaintiff Carol J. Nelson ("Nelson"). Upon review of the Ninth Circuit Court of Appeals' order, the Court finds that the issues to be heard on remand pertain only to Counts I and III of Nelson's Complaint and to Jones' Counterclaims II, III, and V. Michael Cetraro is not a party to the proceedings on remand.

## PROCEDURAL HISTORY AND BACKGROUND

On February 19, 2003, the Court entered an "Order Granting Plaintiff Carol J. Nelson's and Counterclaim Defendant Michael Cetraro's Motion for Summary Judgment and for Expungement of Lis Pendens Filed August 28, 2002" ("February 19, 2003 Order"). In the February 19, 2003 Order the Court granted Carol J. Nelson and Michael Cetraro's motion for summary judgment as to Count I (summary possession) and Count III (declaratory relief) of Nelson's Complaint for Summary Possession, Ejectment and Damages, filed February 13, 2001.[1] The Court declared that Nelson was the legal owner of the condominium at issue located in Kona, Hawaii. The Court also granted Nelson's and Cetraro's motion for summary judgment as to Counterclaims I - VIII of Robert Alan Jones' Second Amended Counterclaim. Counterclaims II, III, and V were for breach of contract, breach of contract for specific performance, and declaratory relief, respectively.

---

[1] On June 27, 2003, Nelson dismissed the remaining claims in her Complaint, Counts II, IV, V, and VI.

Jones appealed the February 19, 2003 Order granting summary judgment in favor of Nelson and Cetraro as to Count I (summary possession) and Count III (declaratory relief) of Nelson's Complaint.

On January 18, 2005, the Circuit Court for the Ninth Circuit Court of Appeals (in Case No. 03-16542) entered an Order vacating and remanding as to the Court's February 19, 2003 Order ("Ninth Circuit Order").

On January 24, 2006, Defendant Jones filed "Defendant's Motion for Clarification as to Remaining Parties and Claims" ("Motion for Clarification", Doc. 224.) The Motion seeks clarification as to what portions of the Court's February 19, 2003 Order the Ninth Circuit Court of Appeals vacated and remanded and asks this Court to find that, in light of the Ninth Circuit Order, the Second Amended Counterclaim is reinstated and Michael Cetraro remains as a party to the lawsuit.

On February 8, 2006, Nelson filed "Plaintiff's Memorandum in Response to Defendant's Motion for Clarification as to Remaining Parties and Claims" (Doc. 227.)

On February 24, 2006, Jones' Motion for Clarification came on for hearing. At the hearing, based on the language of the Ninth Circuit Order and upon review of the issues presented by appellant in his opening brief on appeal, the Court found that the Ninth Circuit Order did not appear to vacate the Court's

3

February 19, 2003 Order in its entirety.

The Court, however, permitted Defendant Jones to review the appellate brief and record and to bring to the Court's attention any aspect of the appellate proceeding that Defendant Jones believed contradicted this Court's finding at the hearing.

On March 13, 2006, Jones filed "Defendant's Supplemental Statement of Position as to Clarification as to Remaining Parties and Claims" (Doc. 231.)

On April 12, 2006, Nelson filed "Plaintiff's Response to Defendant's Supplemental Statement of Position as to Clarification as to Remaining Parties and Claims" (Doc. 232.)

## ANALYSIS

This case involves the rights of possession and ownership of a condominium located in Kona, Hawaii. Count I of Nelson's Complaint sought summary possession of the Kona, Hawaii condominium. Count III of Nelson's Complaint sought a declaration that Jones holds no interest in the Kona, Hawaii condominium. Jones' Counterclaims II and III dealt with Nelson's alleged breach of the Agreement of Sale by failing to transfer title to Jones. In Counterclaim V, Jones sought a declaration that he is the owner of record and has the right to continued possession and quiet enjoyment of the condominium.

In the February 19, 2003 Order, this Court granted summary judgment in favor of Nelson as to Counts I and III of the

Complaint and as to Counterclaims II, III, and V. This Court also granted summary judgment in favor of Nelson as to Jones' other counterclaims, some of which were alleged in the alternative to Jones' breach of contract claims.

Jones appealed from the portion of this Court's February 19, 2003 Order that granted summary judgment as to Count I and III of Nelson's Complaint. Nelson and Jones are the only parties to the appeal. The Ninth Circuit Order states that Jones appealed from "the district court's order granting Carol J. Nelson summary judgment in her diversity action seeking possession of a condominium in Kona, Hawaii." Although the Court gave him additional time to do so, Jones has not identified any portion of the appellate briefs or record which shows that Jones appealed the Court's February 19, 2003 Order in its entirety (*i.e.*, as to both Nelson's Complaint and as to Jones' Second Amended Counterclaim).

The Ninth Circuit Order uses limiting language and refers only to the Court's findings as to Counts I and III of Nelson's Complaint. The Ninth Circuit Order states "[t]o the extent the district court concluded that the Agreement of Sale was invalid due to failure of consideration or condition precedent, it erred because the Agreement does not clearly and unequivocally condition the sale of the condominium on the successful completion of the Licensing Agreement." It also states "[t]o the

5

extent the district court relied on Jones' material breach of the Agreement of Sale to grant summary judgment, it erred because there is a material issue of fact as to whether Jones suspended his performance until he received assurance that Nelson would perform under the contract, as is permitted under Hawaii law."

Both points of error address this Court's reasoning in granting summary judgment in favor of Nelson as to Counts I and III of Nelson's Complaint. Jones has not shown that he appealed, and the Ninth Circuit Order did not address, the Court's dismissal of Jones' Second Amended Counterclaim in its entirety. The points of error identified in the Ninth Circuit Order do, however, implicate the same legal and factual issues as involved in the Court's grant of summary judgment in favor of Nelson as to Jones' Counterclaims II, III, and V. Michael Cetraro was not a party to Counterclaims II, III, or V.

## CONCLUSION

"Defendant's Motion for Clarification as to Remaining Parties and Claims" (Doc. 224) is **GRANTED, IN PART, AND DENIED, IN PART**. The Court construes the Ninth Circuit Order to indicate that only Counts I and III of the Complaint and Counterclaims II, III, and V are reinstated. The remaining counterclaims in Jones' Second Amended Counterclaim are not at issue.

This matter shall proceed to trial on the issues of:

(1) whether the parties entered into an Agreement of Sale

6

with respect to the Kona, Hawaii condominium;

(2) if so, whether the Agreement of Sale is enforceable; and

(3) who has the right to possession and ownership of the Kona, Hawaii condominium.

These issues pertain only to Counts I and III of the Complaint and to Counterclaims II, III, and V. Because Cetraro is not a party to any of these claims he is not a party in these proceedings on remand.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 26, 2006.



/s/ Helen Gillmor
Chief United States District Judge

NELSON v. JONES, et al.; CIVIL NO. 01-00182 HG-LEK; **ORDER CLARIFYING REMAINING PARTIES AND CLAIMS**