IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>ROBERT ALAN JONES,<br><br>        Defendants,<br>_____<br><br>ROBERT ALAN JONES,<br><br>        Counterclaimant,<br><br>    vs.<br><br>CAROL J. NELSON, MICHAEL CETRARO,<br><br>        Counterclaim<br>        Defendants.<br>_____ | CIVIL NO. 01-182 KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

Defendant/Counterclaimant Robert Alan Jones ("Jones") brings the instant motion for leave to name an expert witness at this time on the basis that the delay in conducting the trial of this matter has made

1

it necessary to bring expert testimony as to the value of the subject property — testimony which might have been brought by Defendant himself at the time that he was in possession of the property, but because he was required to turn over the property several years ago, and because it has subsequently been sold, the matter of the value, which is an element of damages, can only be made by expert testimony.

**DISCUSSION**

    1.    **Relevant Procedural History**

This lawsuit originated in 2001, by way of a summary possession action filed in the Hawaii State Circuit Court in the Third Circuit.  Following removal to federal court, Jones counterclaimed on several theories, and at the same time, brought additional parties into the case.  The counterclaim was amended twice, the Second Amended Counterclaim was filed herein on October 10, 2001.  At that time, Jones was residing at the subject property.

Deadlines for various pretrial activities were

amended multiple times, including a resetting on May 6, 2002, at which time expert disclosures were still allowed, up to June and July 2002.  At that time, a Jury Trial was scheduled for December 10, 2002.[1]  Defendant Jones resided in the property until sometime in 2002, and had current knowledge of the value of the property as its purported owner, as claimed in the Counterclaim.

     In July 2002, Plaintiff and Counterclaim Defendants sought an extension of time for filing dispositive motions.[2]  In August 2002, Defendant Jones sought a preliminary injunction to preclude Plaintiff from marketing the property, but the court's docket indicates that the motion for preliminary injunction, as well as pending summary judgment motions, were continued from October 15, 2002 to December 5, 2002, and that at the same time, trial was continued from

---

[1] See Amended Rule 16 Scheduling Order filed herein on May 9, 2002.

[2] See Notice of Motion filed on July 17, 2002.

December 10, 2002, to February 25, 2003.[3]

During that period of time, Defendant Jones was still a pro se party to this litigation.[4] Further, for the period of time from about October 2002 to early 2003, Defendant Jones was having serious health problems.[5]

As a result of the continued hearings and trial date, an Amended Rule 16 Scheduling Order was issued on October 4, 2002. Pursuant to that scheduling order, deadlines for expert witness disclosures were "N/A". For purposes of the procedural status of the litigation, and proof of damages, the lack of expert witnesses as to the value of the property, which was then still in Plaintiff's name, was not crucial to the litigation.

---

[3] See Minute Order entered October 3, 2002.

[4] See docket as to appearance of counsel, Howard Gravelle, at the settlement conference docketed on January 14, 2003.

[5] The Court's minutes appearing in the docket at March 17, 2003, acknowledge the serious medical conditions suffered by Defendant Jones in late 2002, as he demonstrated in response to an Order to Show Cause.

Thereafter, however, when summary judgment was granted in February 2002, followed by Defendant Jones' appeal, and subsequent remand, substantial time - four years - has passed.  The subject property was sold by Plaintiff, so that no party currently is in a position in which they could testify as to their understanding of the value of the property.

**2.   Relevant Substantive History**

In the remand and subsequent arguments as to those Counterclaims still remaining, Defendant Jones will be pursuing Counts II, III, and V of his Counterclaim against Plaintiff.  See Order Clarifying Remaining Parties and Claim, entered on April 27, 2006.

Those claims are as follows:

II. Breach of Contract, for failure to transfer the installment sale agreement, and subsequently legal title, to Jones.  For this count, Jones Counterclaim seeks damages to be proven at trial.

III. Breach of Contract for Specific Performance, on the basis that the fair market value of

the condo fluctuates, and "monetary damages are hard to pinpoint."

V. Declaratory Relief, for possession and quiet enjoyment, on the basis that Jones was denies his legitimate claim of interest.
See Second Amended Counterclaim, filed herein on October 10, 2001.

In the appeal, Plaintiff argued that the matter was moot, based on the sale of the property, but, as stated in the Memorandum from the Ninth Circuit, in Jones' appeal, "the unavailability of specific performance does not preclude a court from fashioning some other equitable remedy."  See Judgment and Memorandum, filed herein on March 3, 2005.

Clearly, the matter of the value of the property must be provided to the court in order to ascertain the damages element of Jones' claims.  Had this matter proceeded to trial in a timely manner, the parties - both of whom argue that they were the proper owner - could have testified as to their opinion of the

value of the property under Hawaii law.

> An owner, by virtue of his ownership and consequent familiarity with the land and real estate market, is generally held to be qualified to give his opinion as to the value of his land, the weight to be given such testimony being a question for the jury.

<u>City and County of Honolulu v. International Air Service Co., Ltd.</u>, 63 Haw. 322, 332, 628 P.2d 192, 200 (1981).

We are now almost five years past when Jones left the property, and well past his opportunity to testify as to value.  Given the fact that his opportunity for specific performance is no longer an option, it is incumbent on this court to allow him the opportunity to provide expert testimony as to the value of the property at the relevant points of time.  Those include, but are not limited to the dates of the transactions, as well as the current value of property.

Jones has already retained an appraisal firm, and a portion of the work has already been completed -

it requires updating - based on this court's ruling on the instant motion.  As there is ample time remaining before the currently scheduled trial, in August 2007, for Plaintiff to obtain her own expert appraisal(s), Plaintiff is not prejudiced by this request.

**CONCLUSION**

For the above reasons, Defendant Jones respectfully requests leave to promptly identify his appraisal expert, and to order that the appraisal be brought current and provided to Plaintiff in a timely manner.

DATED:  Honolulu, Hawaii, January 19, 2007.

                                      /s/ Mary Martin
                              ROBERT E. CHAPMAN
                              MARY MARTIN
                              Attorneys for
                              Defendant/Counterclaimant
                              ROBERT ALAN JONES