ORIGINAL

ENVER W. PAINTER, JR.   2525
Attorney at Law
1188 Bishop Street, Suite 2505
Honolulu, Hawaii 96813
Telephone: (808) 537-9777

Attorney for Plaintiff
Carol J. Nelson

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 9 2007

at __3__ o'clock and __2__ min __P__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CAROL J. NELSON, | ) | Civil No. 01-00182 KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALAN JONES; DOES 1-30, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| | ) | |
| ROBERT ALAN JONES, a Nevada resident, | ) | |
| | ) | |
| Counterclaimant, | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | DEFENDANT ROBERT ALAN JONES' |
| vs. | ) | MOTION FOR LEAVE TO NAME |
| | ) | EXPERT WITNESS; DECLARATION OF |
| CAROL NELSON, a Hawaii resident, | ) | ENVER W. PAINTER, JR.; EXHIBITS |
| MICHAEL CETRARO, a Montana resident, | ) | "A"-"E"; AND CERTIFICATE OF |
| CHARLES HEAUKULANI, Esq., a Hawaii | ) | SERVICE |
| resident, ROBERT SHELBY, Esq., a Utah | ) | |
| resident, MICHAEL BILANZICH, a Utah | ) | |
| resident and JEFFREY GROSS, Esq., a Utah | ) | |
| resident, | ) | **HEARING:** |
| | ) | Date:  February 2, 2007 |
| Counterclaim | ) | Time:  9:30 a.m. |
| Defendants. | ) | Judge: The Honorable |
| ———————————————— | ) |           KEVIN S. CHANG |

## MEMORANDUM IN OPPOSITION TO DEFENDANT ROBERT ALAN JONES' MOTION FOR LEAVE TO NAME EXPERT WITNESS

Comes now Plaintiff, Carol J. Nelson (Nelson) by and through her undersigned counsel, and respectfully submits this Memorandum in Opposition to Defendant Robert Alan Jones' Motion for Leave to Name Expert Witness filed herein on January 19, 2007

**Introduction:**

By way of the instant Motion, Defendant Robert Alan Jones (Jones) seeks to name an undisclosed appraiser as an expert witness herein. The deadline by which Jones was to disclose experts and provide their reports was July 10, 2002. Jones did not designate any experts within the time proscribed by the Court and now seeks leave to name an expert based upon the passage of time, he allegedly needs to prove monetary damages and his now alleged inability to give lay testimony regarding his opinion as to the value of the subject real property. Jones allegations made in support of the instant Motion are untrue and are not supported by his declaration or otherwise. Moreover, as shown herein, the arguments made in support of the motion are, in any event, without merit such that the instant motion should be denied.

**Discussion:**

### a.   Jones has no claim for damages based upon the "value" of the subject real property

In support of the instant motion Jones claims that an appraisal of the subject property is necessary to prove his damages pursuant to Counts II, III and V of his Second Amended Counterclaim filed herein on October 10, 2001. (Docket No. 48, hereinafter "Counterclaim")

In Count II of his Counterclaim, at paragraphs 43 and 44, Jones alleges that Nelson breached an alleged Agreement of Sale by "failing to transfer title to Jones, or his nominee" and that as a result he has suffered damages. Assuming for the sake of argument that there was an

Agreement of Sale, Jones has no claim for failure to deliver title. It is axiomatic that pursuant to

an Agreement of Sale, title remains with the seller and does not pass to the buyer until the

purchase price has been paid in full. <u>Jenkins v. Wise</u>, 574 P.2d 1337, 1340 (Haw. 1978); <u>State v.</u>

<u>Thom</u>, 563 p.2d 982, 989 (Haw. 1977). Jones confirmed that this was also his understanding of

the purported transaction in both his deposition and in his answer to Nelson's interrogatories.

For example, in answer to Nelson's interrogatory No. 5, Jones stated that pursuant to the

"contract for deed" title was to be transferred to him "When Nelson was paid the balance owing

to her under the contract, or when financial terms were put into place that were satisfactory to

both Nelson and myself regarding the payoff, provided, however, not later than 2007."[1] It is

undisputed in this case that Jones never paid the balance of the purchase price and that "financial

terms satisfactory to Nelson and Jones were never agreed to. Jones therefore has no claim for

damages based upon the alleged failure to deliver title to the subject real property.

In Count III of his Counterclaim, Jones seeks specific performance of the alleged

Agreement of Sale, arguing that "the fair market value of the condo is fluctuating and money

damages alone are hard to pinpoint, therefore enforcement of specific performance and transfer

of title to Jones or his nominee is suitable as a partial remedy." (Counterclaim at 47) Jones

waived any claim for monetary damages based upon the value of the property or otherwise and

alternatively sought specific performances as a remedy.

Jones may now argue that because specific performance is unavailable as a result of the

subsequent sale of the property, he is entitled to restitution. Jones has not plead restitution as a

---

[1] A copy of Jones November 20, 2002 response to Nelson's First Request for Answers to
Interrogatories is attached hereto as Exhibit A.

remedy herein and even if he had, restitution as an equitable remedy would be limited to a return of the monies he paid towards his alleged purchase and would not be based upon any subsequent or present value of the condominium.

In Count V of the his Counterclaim Jones claims that he is entitled to "a declaration from this Honorable Court of his beneficial ownership in the property, and is entitled to transfer of ownership of record, and his right to continued possession and quite enjoyment." (Counterclaim at 55). Jones has not stated a claim for monetary damages in Count V of his Counterclaim based upon the "value" of the property.

The value of the subject property is therefore not relevant to any claim Jones has in this litigation and there is no need for the belated designation of an expert appraiser to give testimony regarding the value of the property at various points in time throughout this litigation. Moreover, as discussed below, any such testimony, even if admissible, would have little or no probative value.

> **b.      The factual basis upon which the instant motion is based is not supported by declaration or otherwise and is in any event false.**

The deadline established by the Court by which Jones was to designate expert witnesses and provide copies of their reports was July 10, 2002 (Amended Rule 16 Scheduling Order filed May 9, 2002, Doc No.95). In support of the instant motion, Jones appears to argue that he did not designate any expert witnesses at that time because, as the owner and occupant of the property, he could have testified as to the value of the property. Jones allegation of ownership and occupancy is not supported by his declaration or otherwise and are in any event untrue.

Jones was never the owner of the property and never resided in the property. Jones claim

3

of ownership to the property is based upon an alleged Agreement of Sale made by and between

Plaintiff Nelson and Mike Bilanzich which, in any event, was never recorded with the Bureau of

Conveyancers or otherwise.[2]

The purported unregistered Agreement of Sale was assigned by way of a Bill of Sale and

Assignment made by and between Royal Aloha Coffee Tea and Spice Company Inc. and Bad Ass

Coffee Limited Partnership (See Counterclaim, Ex. 10, a copy of which is attached hereto as

Exhibit B.) On March 13, 1999 Bad Ass Coffee Limited Partnership assigned its interest in the

alleged Agreement of Sale to Lahire-Morning Star Limited Partnership (See Counterclaim at Ex.

6, a copy of which is attached hereto as Exhibit C.) On March 30,2001 Lahire-Morning Star

Limited Partnership assigned its interest in the alleged Agreement of Sale to Jones with the

understanding that "the property is to be reconveyed less any costs and/or fees incurred by Mr.

Jones at the end of the litigation or settlement of the litigation."(See Counterclaim, Ex 7, a copy

of which is attached hereto as Exhibit D.)   None of the Bills of Sale and/or assignments were

registered in the Bureau of Conveyances.

Even assuming that there was an Agreement of Sale, Jones did not by virtue of any

assignment of that Agreement of Sale become the owner of the property.  At most he had an

unregistered equitable interest in the property.  Legal title to the property remained with Nelson

at all times relevant herein.

---

[2]        As stated by the ICA in <u>Association of Apartment Owners v. Artero,</u> 24759 (Haw.
App. 7-25-2003)   "To allow the assertion of unregistered rights, be they legal or equitable,
would be to subvert the obvious intent and purpose of the title registration system.  The integrity
of titles can only be preserved if anyone dealing with registered property is assured that the only
rights or claims of which he need take notice are those which are registered in the prescribed
manner."

Jones also argues, without any support, that he resided in the subject property.   This argument is not supported by Jones' declaration or otherwise and is in any event  false.  Jones never resided in the property.  Jones at all times relevant herein resided in Las Vegas, Nevada.

Moreover Jones' allegation that he filed for a preliminary injunction to "preclude Plaintiff from marketing the property " is also false and the documents and affidavit submitted by Jones in support of his ex parte efforts to obtain a TRO and or preliminary injunction disproves his allegation that he resided in the property.  In August of 2002 Jones filed ex parte for a TRO and for preliminary injunction against Nelson and Cetraro.  Jones TRO and/or preliminary injunction motion did not have anything to do with marketing the property as alleged by Jones. (See Docket No. 117.)  To the contrary, Jones sought to enjoin Nelson and others for allegedly interfering with his sons' access to the elevator located on the property.  In his Affidavit dated August 11, 2002 Jones states that his son, Matthew Jones resided in the unit since October of 2001 (See Affidavit of Robert Allan Jones dated August 11, 2002, at 12, a copy of which is attached hereto as Exhibit E.)

Jones unsupported allegations of ownership and occupancy of the condominium as the purported grounds for having failed to designate an expert appraiser in July of 2002 and his reliance upon City and County of Honolulu v. International Airport Services Co., Ltd., 63 Haw 322, 332 (1981) is at best misplaced. In that case the Hawaii Supreme Court upheld the trial courts preclusion of a corporate officers' testimony regarding the value of condemned land.  An analogous circumstance is presented here.  Jones individual as opposed to Bad Ass Coffee Company and/or Lahire-Morning Star Limited Partnership was not the "owner" of either a legal or an equitable interest in the property arising out of the alleged Agreement of Sale during most

5

of the relevant time period and Jones never resided in the property. The assumption that an owner occupant of real property, by virtue of his familiarity with the property, is qualified to give his opinion as to the value of the property is not applicable in the instant case.

Moreover, there is no allegation made in support of the instant motion that Jones in fact intended to offer his lay testimony regarding the value of the subject property at trial. Nor does Jones allege that he did not name an expert appraiser because he intended to give his lay opinion as to the value of the property. The Court is apparently being asked to assume these facts when it appears based upon the record herein that Jones did not intend to testify regarding the value of the property at trial because he was not seeking monetary damages based upon the value of the property.

**Conclusion:**

Jones has offered no valid reason for his failure to designate an expert appraiser in this case within the time required by the Court's Rule 16 Scheduling Order. Jones belated inference that he did not do so because he planned to give lay testimony as to the value of the property is not supported by his declaration or any other evidence whatsoever and is in fact disproved by his own pleadings and affidavit filed herein. Moreover, Jones has no claim herein for monetary damages based upon the value of the subject real property so expert opinion regarding the value of the property would not be probative of any issue before the Court and is therefore inadmissible. As Jones has failed to make the requisite showing as to why he did not disclose the proposed expert witnesses four years ago when required to do so by the Court or the need for the belated designation of an expert at this time, the instant motion for leave to designate an expert

6

appraiser should be denied.

     DATED:  Honolulu, Hawaii. January 29, 2007

ENVER W. PAINTER, JR.
Attorney for Plaintiff
Carol J. Nelson