ROBERT ALAN JONES, *pro se*
1061 East Flamingo Road, Suite #7
Las Vegas, NV 89119
Telephone: (702) 791-2383

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON<br><br>Plaintiff,<br><br>ALAN JONES; DOES 1-30,<br><br><br>Defendant<br><br>ROBERT ALAN JONES<br>a Nevada resident,<br>             Counterclaimant<br><br>vs.<br><br>CAROL NELSON, a Hawaii resident,<br>MICHAEL CETRARO, a Montana<br>resident, CHARLES HEAUKULANI, Esq.<br>a Hawaii resident, ROBERT SHELBY, Esq<br>a Utah resident,<br><br><br>             Counterclaim<br>             Defendants | Civil No. CV01-00182 HG LEK<br><br><br><br><br><br><br><br><br><br><br><br><br>**DEFENDANT/COUNTERCLAIMANT<br>ROBERT ALAN JONES RESPONDS<br>TO PLAINTIFF/COUNTERCLAIM<br>DEFENDANT CAROL J. NELSON AND<br>COUNTERCLAIM DEFENDANT<br>MICHAEL CETRARO'S FIRST<br>REQUEST FOR ANSWERS TO<br>INTERROGATORIES** |

. . . .

. . . .

. . . .

. . . .

**EXHIBIT "A"**

## DEFENDANT/COUNTERCLAIMANT ROBERT ALAN JONES RESPONDS TO PLAINTIFF/COUNTERCLAIM DEFENDANT CAROL J. NELSON AND COUNTERCLAIM DEFENDANT MICHAEL CETRARO'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES

TO: CAROL NELSON and MICHAEL CETRARO, Counterclaimant Defendants; and

TO: ENVER PAINTER, ESQ.
1188 Bishop Street, Suite 2525
Honolulu, HI 96813
*Attorney for Carol Nelson and Michael Cetraro*

Defendant/Counterclaimant Robert Alan Jones hereby responds to Carol Nelson and Michael Cetraro's interrogatories as follows:

### GENERAL OBJECTIONS

Defendant/Counterclaimant has not completed his investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial.

Therefore, all of the responses and objections contained herein are based upon such information and documents that are presently available to and specifically known to Defendant/Counterclaimant.

Except for explicit facts admitted herein, no incidental or implied admissions are intended thereby. The fact that the Defendant/Counterclaimant has answered any interrogatories should not be taken as an admission that Defendant/Counterclaimant accepts or admits the existence of any facts set forth or assumed by any such interrogatory, or that such response constitutes admissible evidence. The fact that Defendant/Counterclaimant has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by the Defendant/Counterclaimant of all or any part of any objection to any interrogatory made by Defendant/Counterclaimant.

The following responses to Interrogatories are given without prejudice to Defendant/Counterclaimant's right to produce evidence of any subsequently discovered fact or facts

2

which the responding party or his agents may later recall. The Defendant/Counterclaimant accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made.

Defendant/Counterclaimant generally objects to each interrogatory and request insofar as they contain multiple questions requiring multiple answers all of which is in violation of the Federal Rules of Civil Procedure limitations on numbers of interrogatories to be submitted to the parties. Defendant/Counterclaimant generally objects to each interrogatory and request insofar as the interrogatory and/or request seeks information termed "specifically." This word is vague, overbroad and ambiguous, and subjects the Defendant/Counterclaimant to undue burden, expense and seeks information not relevant to his answer.

**Interrogatory No. 1:** Specifically and fully describe each and every alleged fact, act, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that Carol Nelson and Michael Cetraro conspired to defraud the [sic] you as alleged in Count I of the Second Amended Counterclaim.

**Answer:** Counterclaim Defendants Michael Cetraro and Carol Nelson, in each other's presence, and in my presence warranted that Ms. Nelson had sold Condominium 406 to Mr. Michael Bilanzich/Royal Aloha Coffee, Tea & Spice Co., Inc. by agreement of sale, and she would accept assignment of that contract to me if I would take over the payments, and make up some $7,000 in arrearages then owed by Mr. Bilanzich/Royal Aloha. Two-and-a-half years thereafter, Ms. Nelson denied the Condominium had been sold and asserted that I was merely paying rent. Subsequently Mr. Cetraro gave sworn testimony that the condominium had been sold to Michael Bilanzich personally, that Michael Bilanzich owned it, that Alan Jones was simply making payments on behalf of Bilanzich, and Nelson and Cetraro secured a quitclaim deed and affidavit from Bilanzich to support Nelson's current claim of ownership. Moreover, Cetraro has attempted on many occasions in the past two years to influence Dennis Lovell to change his sworn affidavits to reflect an untrue version of the facts to support Nelson's claim.

**Interrogatory No. 2:** Specifically and fully describe each and every alleged fact, act, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that Carol Nelson never intended to deliver title to Jones or his assignee as alleged in paragraph 32 of the Second Amended Counterclaim.

**Answer:** See answer to Interrogatory No. 1. Additionally, Nelson's denial of the truth regarding the

3

sale to Bilanzich/Royal Aloha, and refusal to negotiate terms of assignment with Jones when requested both orally and in writing (see correspondence between Jones' office and Charles Heaukulani), indicates that she never intended to transfer the title.

**Interrogatory No. 3:** Specifically and fully describe each and every alleged fact, acct, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that you have been damaged asa result of the conduct as alleged in paragraph 37 of the Second Amended Counterclaim, including with specificity the dollar amount and nature of any non monetary damages you allege to have suffered.

**Answer:** The actions of Cetraro and Nelson have prevented alienation of the property, or a long-term lease of the property. Therefore, in addition to costs and expenses of defending and prosecuting this lawsuit, I have sustained continuing damages which cannot be quantified until discovery is completed and this matter is ready for trial.

**Interrogatory No. 4:** Specifically and fully describe each and every alleged fact, acct, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that Carol Nelson breached her contractual duties as alleged in Count II of the Second Amended Counterclaim.

**Answer:** Carol Nelson had a fiduciary duty to me from the time of the accepted assignment of the AOS in my favor by Bilanzich. She breached that fiduciary duty by refusing the recognize it and conspiring to destroy my property interest in the condominium. She further breached the contract for the sale of the condominium by converting the consideration received and failing to apply it to the purchaser's account, and by failing to perform the executory provisions of the contract when requested to personally, and through her agent and partner, Mr. Cetraro, and through her lawyer, Mr. Heaukulani.

**Interrogatory No. 5:** What was your understanding as to when Carol Nelson, pursuant to the alleged "contract for deed", was to transfer legal title to you as alleged in paragraph 39 of the Second Amended Counterclaim.

**Answer:** When Nelson was paid the balance owning to her under the contract, or when new financial terms were put into place that were satisfactory to both Nelson and myself regarding the payoff, provided, however, not later than 2007.

**Interrogatory No. 6:** Specifically and fully describe each and every alleged fact, act, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that you have been damages as a result of the conduct as alleged in paragraph 44 of the Second Amended Counterclaim, including with specificity the dollar amount and nature of any non monetary damages you allege to have suffered.

**Answer:** See Interrogatory No. 3 above.

**Interrogatory No. 7:** Specifically and fully describe each and ever alleged fact, act, omission,

4

document, item, communication, motivation, circumstance and condition that you contend supports your claim that you are entitled to specific performance as alleged in Count III of the Second Amended Counterclaim.

Answer: Objection. The Defendant/Counterclaimant objects to Interrogatory No. 7 on the basis that it seeks information that is protected by the "work product" privilege. The request calls for disclosure of information or materials prepared in anticipation of litigation and/or trial preparation material without the showing required by the Federal Rules of Civil Procedure. Without waiving said objection, Defendant/Counterclaimant responds that there was a substantial performance by the buyer and assignee which amounts to receipt of almost $100,000 in consideration by seller over the course of some five and one half years. Buyer and its assignee are entitled to good faith performance by seller.

Interrogatory No. 8: Specifically and fully describe each and every alleged fact, act, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that Carol Nelson and Michael Cetraro wrongfully converted assets as alleged in Count IV of the Second Amended Counterclaim.

Answer: Carol Nelson received acknowledged downpayment consideration from Michael Bilanzich/Royal Aloha, plus assignee consideration of about $56,000 in progress payments, yet nothing has been applied to the purchaser's credit, thus it has been converted.

Interrogatory No. 9: Specifically and fully describe each and every alleged fact, act, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that you have been damaged as a result of the conduct as alleged in paragraph 50 of the Second Amended Counterclaim, including with specificity the dollar amount of the alleged compensatory and punitive damages.

Answer: See answer to Interrogatory No. 3 above. Additionally, the damages may be measured by the gross amount of the downpayment plus the progress payments. The information supporting punitive damages in the amount is a combination of privileged material under the attorney work product doctrine, subject to the instructions of the court and the jury's verdict.

Interrogatory No. 10: Specifically and fully describe each and every alleged fact, act, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that you are entitled to the declaratory relief as alleged in Count V of the Second Amended Counterclaim.

Answer: I hold the equitable ownership interest (unrecorded) in the Condo. Declaratory Relief will enable me to record that interest.

Interrogatory No. 11: Specifically and fully describe each and every alleged fact, act, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that Carol Nelson and Michael Cetraro committed acts designed to interfere with or disrupt your prospective economic advantage and/or opportunity as alleged in Count VI of the

Counterclaim and the Second Amended Counterclaim.

<u>Answer</u>: Nelson's failure to publicly recognize her sale of the condominium, and attempts to recover the ownership interest through litigation combined with Cetraro's false testimony and affidavits given in two or more jurisdictions have clouded the ownership of the condominium and prevented its sale, transfer, alienation or long-term leasing by myself as the rightful owner.

<u>Interrogatory No. 12</u>: Specifically and fully identify any economic advantage or opportunity that you allege was interfered with as set forth in Count VI of the Counterclaim and the Second Amended Counterclaim and describe how it was interfered with, who the prospective economic opportunity and/or advantage was with and any and all fact, act, omission, document, item, communication, motivation, circumstance and condition that you contend evidences that either Nelson or Cetraro were aware of the alleged prospective economic opportunity and/or advantage.

<u>Answer</u>: At the time Nelson and Cetraro, as her agent, sold the condominium to Bilanzich/Royal Aloha its fair market value was considerably less than the consideration the agreement of sale provided that they would receive. They were both aware of that fact. Cetraro owns another condominium in the same complex which is his principal residence, and was Nelson and their children's former residence. Cetraro is a member and past president of the board of directors of the condominium association which determines *inter alia* monthly common fees for each unit. In their capacities as residents, and with respect to the condominium board of directors they receive consistent information about current values of the units in the complex. The value of this unit and other similarly situated has increased to some $200,000. This increase in value is the cornerstone of their greed in attempting to retrieve ownership of the condominium in Nelson's name.

**Interrogatory No. 13**: Specifically and fully describe each and every alleged fact, act, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that Carol Nelson and Michael Cetraro have been unjustly enriched by the payments received for the Condo as alleged in Count VII of the Counterclaim and the Second Amended Counterclaim.

<u>Answer</u>: In the event that Nelson prevails as to ownership of the condominium, she has still received almost $100,000 in consideration that she has fraudulently induced Bilanzich/Royal Aloha and myself to pay. Thus she is unjustly enriched.

**Interrogatory No. 14**: Specifically and fully describe each and every alleged fact, act, omission, document, item, communication, motivation, circumstance and condition that you contend supports your claim that Carol Nelson and Michael Cetraro conspired to illegally deprive Defendant/Counterclaimant of property rights as alleged in Count VIII of the Counterclaim and the Second Amended Counterclaim.

<u>Answer</u>: Carol Nelson and Michael Cetraro sold the condominium under an agreement of sale at the end of April, 1997 to Michael Bilanzich/Royal Aloha. This sale was in exchange for license rights to the use of the Bad Ass Coffee Company™ name, and exclusive location rights in Montana, plus credits against coffee purchases for the locations. The value of the consideration received was far

6

in excess of the then current fair market value of the equity in the condominium that they were trading for the consideration received. In short, the total purchase price of the condominium under the AOS was about $135,000. The fair market value of the condominium at that time was under $100,000.

However, during the ensuing years of them receiving payments the value of the condominium escalated to some $200,000. Then by the Spring of the year 2000, the combination of Nelson and Cetraro's inability to successfully operate Bad Ass Coffee Company™ businesses in Montana, and the escalating value of the condominium caused Nelson and Cetraro to decide they wanted the condominium back with full ownership rights in Nelson; they were willing to give up the Bad Ass Coffee Company™ business in return.

Cetraro told Dennis Lovell that he had an "ace in the hole" to unwind the whole deal. The ace in the hole was that Carol Nelson had retained title to the condominium. Cetraro then testified in his deposition in a Utah patent infringement litigation, in which Bilanzich's company BACH was the plaintiff, that the condominium was indeed sold to Bilanzich, personally and that Bilanzich is still the owner. He then required his lawyer Robert Shelby to secure as a condition of settlement of the Utah litigation documentation in the form of a quitclaim deed from Bilanzich in favor of Carol Nelson and an affidavit stating that the condominium ownership (title) had never been transferred to Alan Jones or his nominee. The actions of Nelson and Cetraro in attempting to rescind the condominium sale without compensation to me, and the methods they used amounted to a conspiracy to deprive me of my property rights in the condominium.

STATE OF NEVADA      )
                     : ss.
COUNTY OF CLARK      )

ROBERT ALAN JONES, being first duly sworn upon oath, deposes and says that the foregoing answers to interrogatories are true and complete to the best of his knowledge and belief.

_____
ROBERT ALAN JONES

Subscribed and sworn to before me
this 20th day of November 2002.

_____
Notary Public in and for
said county and state

**CINDEE PETROCCO**
Notary Public, State of Nevada
Appointment No. 94-2072-1
My Appt. Expires Aug. 5, 2006

7

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the document listed below was delivered by mail the following: DEFENDANT/COUNTERCLAIMANT ROBERT ALAN JONES RESPONDS TO PLAINTIFF/COUNTERCLAIM DEFENDANT CAROL J. NELSON AND COUNTERCLAIM DEFENDANT MICHAEL CETRARO'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES

To: Enver Painter, Jr., Esq.
Counsel for Carol Nelson and Michael Cetraro
1188 Bishop Street, Suite 2525
Honolulu, HI 96813
(808) 537-9207

To: William A. Bordner, Counsel for Counterclaim Defendant Robert Shelby
Burke Sakai McPheeters Bordner
3100 Mauka Tower
737 Bishop Street
Honolulu, HI 96813
(808) 528-1656

To: Edquon Lee
Counsel for Counterclaim Defendants Michael Bilanzich & Jefferson Gross, Esq.
1800 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813
(808) 533-3011

To: Stephen B. Mitchell
Burbridge & Mitchell
Parkside Tower, Ste. 290
215 South State Street
Salt Lake City, UT 84111
(801) 355-2341

Dated this 20th day of November, 2002

BY: _____
Of the Office of Robert Alan Jones

*R.A.J. LTD*
*1061 E. FLAMINGO RD*
*STE. 7*
*LAS VEGAS, NV 89119*
*PHONE: 702-791-3403*
*FAX: 702-736-0773*

## FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:     808.537.9207

To:         Enver Painter, Jr., Esq.

From:       Alan Jones

Date:       November 20, 2002

No. Pages:  9(including cover sheet)

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this message in error, please immediately notify us by telephone.