CLAY CHAPMAN CRUMPTON IWAMURA & PULICE
Attorneys at Law
A Law Corporation

ROBERT E. CHAPMAN            #2679
rchapman@paclawteam.com
MARY MARTIN                  #5475
mmartin@paclawteam.com
700 Bishop Street, Suite 2100
Honolulu, Hawaii  96813
Telephone: (808) 535-8400
Facsimile: (808) 535-8444

Attorneys for Defendant
 Robert Alan Jones

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON, | ) CIVIL NO. 01-182 KSC |
| | ) |
| Plaintiff, | ) DEFENDANT ROBERT ALAN |
| | ) JONES' REPLY TO |
| vs. | ) "MEMORANDUM IN OPPOSITION |
| | ) TO DEFENDANT ROBERT ALAN |
| ROBERT ALAN JONES, | ) JONES' MOTION FOR LEAVE TO |
| | ) NAME EXPERT WITNESS"; |
| Defendants, | ) CERTIFICATE OF SERVICE |
| _____ | ) |
| | ) Hrg Date: February 2, 2007 |
| ROBERT ALAN JONES, | ) Hrg Time: 9:30 a.m. |
| | ) Judge: Kevin S. Chang |
| Counterclaimant, | ) |
| | ) TRIAL: August 7, 2007 |
| vs. | ) |
| | ) |
| CAROL J. NELSON, MICHAEL | ) |
| CETRARO, | ) |
| | ) |
| Counterclaim | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

**DEFENDANT ROBERT ALAN JONES' REPLY TO "MEMORANDUM IN
OPPOSITION TO DEFENDANT ROBERT ALAN JONES' MOTION FOR
LEAVE TO NAME EXPERT WITNESS"**

COMES NOW DEFENDANT ROBERT ALAN JONES, by and through his undersigned counsel, and respectfully submits his Reply to the opposition of Plaintiff to his motion for leave to name an expert witness.

The opposition lacks merit for the following reasons and argument:

1. Where Defendant's pleading specifically sought damages, the opposition alleges that Defendant waived that claim by virtue of an interrogatory response taken, at best, out of context, but which fails to recognize Hawaii law on the legal reality that the purchaser under an agreement of sale is the holder of the equitable title to property, so that any objection to Defendant testifying as to the value of the property at the time that he was in possession is without foundation.

2. The opposition ignores the holding of the Ninth Circuit, that "there is a material issue of fact as to whether Jones suspended his performance until he received assurance that Nelson would perform, as permitted under Hawaii law." There is no dispute that Defendant did resume payments pursuant to orders of this court; once summary judgment was granted, those

    payments clearly ended.

3. The fact that Plaintiff proceeded with selling the property was the basis of Plaintiff's efforts to have the Ninth Circuit dismiss the appeal as moot. The effort to have the appeal deemed moot was not successful, as stated in the Memorandum Opinion of January 18, 2005, where the Ninth Circuit "rejected Nelson's contention that the appeal is moot because she has sold the condominium." Nelson had proceeded to sell the property, taking the risk that Jones would, as he did, succeed on appeal, sending this matter back, and now she is without the collateral, and facing a substantial claim for damages for her breach of contract.

**ARGUMENT**

The decision before this court is discretionary. See <u>Pickern v. Pier 1 Imports</u>, 456 F.3d 963 (9th Cir. 2006) (finding no abuse of discretion where expert testimony precluded); <u>Potlatch Corp. V. U.S.A.</u>, 679 F.2d 153 (9th Cir. 1982) (finding an abuse of discretion where expert testimony was precluded as sanction for missing a discovery deadline). The chronology of events is important in making the

decision.  The record shows that Plaintiff had already filed one unsuccessful motion for summary judgment (see Minute Order of 04/01/2002), and that a week after the then deadline for Defendant to identify an expert (and Plaintiff had not done so), Plaintiff moved, without opposition, to extend the substantive motion deadline, but no other deadlines.  See Amended Rule 16 Scheduling Order noted on docket at 05/06/2002, and Plaintiff's motion filed 07/17/2002.

For Defendant Jones, at the time trial was expected to be commenced, his primary goal was to obtain specific performance and legal title to the property.  Had there been the need, at that time, for testimony as to value, he could have provided such testimony as he did have the equitable title under Hawaii law.  Specifically:

> Under an agreement of sale, the legal title to the property remains in the seller, but upon the execution and delivery of the agreement of sale, there accrues to the [purchaser] an equitable interest in the land.
> .....
> [T]he contract is executory in equity as well as at law; but so far as the interest or estate in the land of the two parties is concerned, it is regarded as executed, and as operating to transfer the estate from the [seller] and to vest it in the [purchaser]. .... there is ... an equitable conversion; ... the [purchaser's] interest is at once

>      converted into [an interest or estate
>      in] real property with all its
>      features and incidents, while the
>      [seller's] interest, is to the same
>      extent, personal estate.

Bank of Hawaii v. Horwoth, 71 Haw. 204, 211-212, 787 P.2d 674, 678-679 (S.Ct. 1990).  The seller's interest in an Agreement of Sale has been described as "a lien serving as security for the payment of the purchase price ... [it] is not an interest in the land." Beneficial Hawaii, Inc. V. Kida, 96 Haw. 289, 313-14, 30 P.3d 895, 919-20 (2001).

At this time, specific performance is apparently no longer a remedy, as the property has been sold to a third-party purchaser.  Therefore, if Defendant is successful in demonstrating to this court the merits of his counterclaims, then it is incumbent on this court to address the appropriate remedy. Plaintiff's arguments would deprive Defendant of any remedy, but those arguments lack merit because: (1) they fail to recognize the Ninth Circuit's mandate that this court may fashion an appropriate equitable remedy, and (2) they wrongly attempt to characterize an interrogatory response of Defendant as a waiver of his claim for damages – even though the demand for damages as a remedy is clearly stated in the Second Amended Counterclaim.

As Plaintiff has denied Defendant the benefit of the bargain of his purchase, the measure of damages must take into consideration the value of that bargain.

At this juncture, the value can be shown best by a true appraisal of the property, as the property is no longer in the possession of either Plaintiff or Defendants, and it would appear that both parties would have need for an appraisal expert.

The trial is not scheduled until August 2007; there is ample time for both parties to obtain appraisal experts, and for deposition of those experts, if warranted.  Defendant respectfully therefore requests that the motion be granted.

DATED:  Honolulu, Hawaii, February 1, 2007.

      /s/ Mary Martin
ROBERT E. CHAPMAN
MARY MARTIN
Attorneys for
Defendant/Counterclaimant
ROBERT ALAN JONES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>ROBERT ALAN JONES,<br><br>      Defendants,<br>_____<br><br>ROBERT ALAN JONES,<br><br>    Counterclaimant,<br><br>  vs.<br><br>CAROL J. NELSON, MICHAEL CETRARO,<br><br>    Counterclaim<br>    Defendants.<br>_____ | CIVIL NO. 01-0182 KSC<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

    It is hereby certified that on the dates and by the methods of service noted below, a true and correct copy of the foregoing document was duly served on the following parties at their last known addresses:

    Served electronically through CM/ECF: February 1, 2007.

        Enver.painter@hawaiiantel.net
        ENVER W. PAINTER, Jr., Esq.

DATED: Honolulu, Hawaii, February 1, 2007

                          <u>   /s/ Mary Martin   </u>
                          ROBERT E. CHAPMAN
                          MARY MARTIN
                          Attorneys for
                          Defendant/Counterclaimant
                          ROBERT ALAN JONES

290885.1