Of Counsel:
CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

ROBERT E. CHAPMAN     #2679
rchapman@paclawteam.com
MARY MARTIN          #5475
mmartin@paclawteam.com
Topa Tower, Suite 2100
700 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 535-8400
Facsimile:  (808) 535-8444

Attorneys for Defendant
Robert Alan Jones

           IN THE UNITED STATES DISTRICT COURT

             FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CAROL J. NELSON, | ) | CIVIL NO. 01-182 KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S **FINAL** |
| vs. | ) | **PRETRIAL STATEMENT**: |
| | ) | CERTIFICATE OF SERVICE |
| ROBERT ALAN JONES, | ) | |
| | ) | |
| Defendants, | ) | PRETRIAL CONFERENCE |
| _____ | ) | DATE: June 26, 2007 |
| | ) | TIME: 9:00 a.m. |
| ROBERT ALAN JONES, | ) | JUDGE: Kevin S.C. Chang |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| vs. | ) | BENCH TRIAL: August 7, |
| | ) | 2007 |
| CAROL J. NELSON, MICHAEL | ) | |
| CETRARO, | ) | |
| | ) | |
| Counterclaim | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT'S FINAL PRETRIAL STATEMENT

COMES NOW Defendant-Counterclaimant, by and through his attorneys, Clay Chapman Crumpton Iwamura & Pulice, and submits his Final Pretrial Statement, pursuant to Local Rule 16.6.

**(a) Party**.  This statement is submitted on behalf of Defendant-Counterclaimant Robert Alan Jones.

**(b) Jurisdiction and Venue**.  This court has original jurisdiction pursuant to 28 U.S.C. §1332, as the matter is brought pursuant to diversity jurisdiction.  The matter was removed to this court pursuant to 28 U.S.C. §1441.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391, because it is the situs of the events.  There has been no dispute as to jurisdiction or venue.

**(c) Substance of Action; Claims & Defenses**

This matter was originally filed in the Circuit Court of the Third Circuit, State of Hawaii, by Carol Nelson against Robert Alan Jones to establish Ms. Nelson's right to ownership, possession and use of a condominium located in Kona, Hawaii.  Mr. Jones removed the case to this Court and counterclaimed, seeking to establish his rights flowing from a 1998 written

2

agreement of sale of real estate, which rights were assigned to him.  In addition, Mr. Jones claimed that he was defrauded by Plaintiff Nelson and Counterclaim Defendants Cetraro and Bilanzich.  He also claimed that Ms. Nelson and Cetraro's attorney Charles Heaukulani participated in a conspiracy with Nelson and Cetraro's Utah attorney, Robert Shelby and Michael Bilanzich and his Utah attorney Jefferson Gross in 2001 to negate the 1998 agreement of sale by manufacturing false and misleading documents indicating that it never existed.

Counterclaim Defendants Heaukulani, Shelby, Gross and Bilanzich settled with Mr. Jones and were dismissed from this case with prejudice.  Plaintiff/Counterclaim Defendant Carol Nelson and Counterclaim Defendant Michael Cetraro were awarded summary judgment by Judge Gillmor on February 19, 2003. On appeal, the United States Court of Appeals for the Ninth Circuit vacated and remanded[1] to the United States District Court.

The parties disagreed on interpretation of the import of the Ninth Circuit's ruling, and sought

---

[1]The case was docketed as Nelson v. Jones, No. 03-16542; the referenced decision was filed on January 18, 2005.

3

clarification from Judge Gillmor.  On April 26, 2006,
Judge Gillmor entered a ruling that only Counts I and
III of the Complaint, and Counts II, III, and V of the
Counterclaim remained, and that Michael Cetraro was
therefore not a party in the remand proceedings.  Judge
Gillmor refused to certify the order for an
interlocutory appeal. Therefore, the purportedly
dismissed claims against Cetraro remain alive for
appeal, but no claims against Cetraro are involved in
the instant proceedings.

**-- Claims and Defenses**

Based on Judge Gillmor's ruling, NELSON'S
REMAINING CLAIMS are count I, for summary possession,
and Count III, for declaratory relief.

Jones' defenses to Plaintiff's claims include:

- Plaintiff Nelson has failed to state claims upon
  which relief can be granted.

- Plaintiff's claims are barred by the doctrine of
  laches.

- Plaintiff's claims are barred in whole or in part
  by the doctrines of estoppel and waiver.

- Plaintiff's claims are barred by the doctrine of
  "unclean hands."

- Plaintiff's claims are barred by the language of the voluntary contract, "the contract for deed" by which Plaintiff admits its responsibilities.
- Plaintiff has failed to mitigate her damages.
- Plaintiff is barred by fraud in the inducement from asserting that the payments that she received from Defendant were not installment payments toward the purchase of subject property.

Based on Judge Gillmor's ruling, Jones' remaining Counterclaims include: Count II, for Breach of Contract, Count III, for Specific Performance, and Count V, for Declaratory Relief.  Counterclaim Defendant Nelson listed a plethora of defenses to these claims.

**(d) Undisputed Facts.**

(1) Plaintiff refused to convey title of the property to Jones.

**(e) Disputed Factual Issues.**

(1) Whether the documents signed by the parties were a legally binding agreement of sale and assignment.

(2) Whether Jones tendered performance.

5

**(f) Relief Prayed.**

Because the property has been sold to a third-party, in what is presumed to be an arms-length transaction, Jones' only apparent relief available is monetary damages for the loss of his investment in the property, as well as the lost profit realized in the later sale of the property.

The actual damages are based on Mr. Jones actual investment in the property, the lost profit as to the value of the property, plus his costs of litigation.  Mr. Jones' actual investment was based on the assignment of the existing agreement of sale to him, for which he gave consideration of $50,000 to Royal Aloha, coupled with a release of claims against Royal Aloha and Michael Bilanzich of $100,000.00.  He then paid the indebtedness of Royal Aloha to Nelson of $7,000.00, plus mortgage (and other) payments for the condo.  Instead of conveying the condo to Jones, Plaintiff Nelson (after having been granted summary judgment, but despite the pending appeal to the Ninth Circuit), sold the condo in January 2004, for $275,000.00; the recent appraisal of the property indicates a value of $350,000.00, as of February 28,

6

2007.  Jones therefore calculates the total damages to be in excess of $400,000.00.

**(g) Points of Law.**

The basic elements or points of law involved in this matter are the typical elements of a breach of contract claim.  That is, was there a meeting of the minds - a contract.  Did the parties perform their obligations under the contract - i.e. did they tender performance.  Was there any excuse if either party did not tender complete performance.  Did either party default (without valid or legal reason to do so).  What damages did the non-defaulting party suffer.

**(h) Previous Motions.**

This matter was previously decided on a summary judgment motion filed by Plaintiffs, which was then successfully appealed to the Ninth Circuit by Defendant Jones.  On remand, the only motion prior to trial was Defendant's motion to name an expert witness, which motion was granted.  Plaintiff did not exercise her right to name an opposing expert.

**(i) Witnesses to be Called.**

Defendant-Counterclaimant Jones expects to call the following witnesses:

(1) Robert Alan Jones (Defendant). Mr. Jones will testify concerning the contract, the assignment, tender, and the default, as well as damages.

(2) Robert ("Bobb") Lawrence, appraiser. Mr. Lawrence will testify concerning the value of the property at various periods of time, and damages.

(3) Isolde "Bing" Parr. Ms. Parr will testify concerning having drafted certain documents, and also having witnessed their execution.

(4) Jean Hammond. Ms. Hammond will testify concerning Mr. Jones' performance of the contract terms, and documents relating to the monthly payments due (and paid) to Plaintiff, and any other necessary and relevant accounting issues.

(5) Dennis Lovell. Mr. Lovell will testify concerning the actual agreement between Plaintiff and Defendant Jones (or his predecessors in interest).

(6) Trebor Mathew Jones. Mr. Jones will provide testimony concerning ratification of the contract by Plaintiff.

(7) Michael Cetraro. Mr. Cetraro will testify as to the contract and tender of performance.

(8) Carol Nelson.  Ms Nelson will testify regarding her sale of the property and related matters.

## (j) Exhibits, Schedules and Summaries

| Identification | Description | Expected Sponsoring Witness |
|---|---|---|
| Bill of Sale and Assignment | documents sale of condo from Royal Aloha to Bad Ass Coffee Limited Partnership | Robert Alan Jones; Bing Parr |
| License Agreement, with Addendum "A" | Agreement between Bad Ass Coffee Company USA and Bad Ass Coffee Company of Montana | Dennis Lovell |
| Royal Aloha Bankruptcy Documents (partial) | Financial statements from bankruptcy showing $50,000.00 down payment for Condo | certified copies to be produced |
| Agreement (Bad Ass Coffee & Cetraro) | Agreement re licensing rights in Montana; part of original consideration for condo | Dennis Lovell |
| Asset Purchase and Sales Agreement | Contract between Bad Ass Hawaii and Robert Alan Jones including condo | Robert Alan Jones; Dennis Lovell |
| Portion of Cetraro court testimony | testimony re condo from Utah preliminary injunction hearing | certified copy to be produced |

| Affidavit of Dennis Lovell | Written in support of motion to disqualify Heaukulani as Nelson/Cetraro counsel | Dennis Lovell |
|---|---|---|
| Bill of Sale | also known as Letter of Intent or Agreement of Sale signed by Lovell and Nelson | Dennis Lovell |
| Appraisal Reports (and expert qualifying information, etc.) | Appraisals as to dates in 1998, 2003 and 2007 (current) | Robert "Bobb" Lawrence |
| Cetraro letter to Bilanzich | 6/29/98 letter re sums due on their deal re condo | Dennis Lovell |
| Accounting Records | summary of cancelled checks | Jean Hammond |
| A/P Ledger | ledger of billings and payments to Nelson/Cetraro | Jean Hammond |
| Billing Breakdown | fax document | Jean Hammond |
| Monthly Statements | From Cetraro & Nelson to Jones from Oct 1998 through January 2001 | Robert Alan Jones; Jean Hammond |
| Bill of Sale and Assignment | Assign from Bad Ass Coffee L.P. to Lahiri-Morning Star L.P. | Robert Alan Jones; Jean Hammond |

| Assignment | Transfer of Interest from Lahiri-Morning Star L.P. to Robert Alan Jones | Robert Alan Jones; Jean Hammond |
|---|---|---|
| Deposition | Michael Cetraro | (if needed) |
| Ltr of 1/18/01 | From Jones to Nelson, c/o Heaukulani re financing | Robert Alan Jones |
| Ltr of 1/29/01 | From Heaukulani to Jones re correspond only with counsel | Robert Alan Jones |
| Ltr of 2/13/01 | Jones to Heaukulani re alternative offers | Robert Alan Jones |
| Ltr of 2/22/01 | Jones to Heaukulani re lack of responses | Robert Alan Jones |
| Ltr of 3/2/01 | Jones to Heaukulani re request title (with exhibits) | Robert Alan Jones |
| Ltr of 3/12/01 | Jones to Heaukulani re possession of condo | Robert Alan Jones |
| Impeachment/Rebuttal not listed | | |

**(k) Further Discovery or Motions.**

None expected.

**(l) Stipulations.**

None expected.

**(m) Amendments, Dismissals.**

None expected.

11

**(n) Settlement Discussion.**

Settlement discussions have not been successful.    It is not anticipated that further discussions could be productive.

**(o) Agreed Statement.**

None expected.

**(p) Bifurcation, Separate Trial of Issues.**

Not feasible nor desired.

**(q) Reference to Master or Magistrate Judge.**

The matter has already been referred to a Magistrate Judge.

**(r) Appointment and Limitation of Experts.**

Not applicable.

**(s) Trial.**

Non-Jury trial is scheduled for August 7, 2007.

**(t) Estimate of Trial Time.**

Defendant believes trial will last two to three days (total).

**(u) Claims of Privilege or Work Product.**

There are no known claims for work product or other privilege.

**(v) Miscellaneous.**

Nothing known at this time.

DATED:  Honolulu, Hawaii, June 19, 2007.


     /s/ Mary Martin
ROBERT E. CHAPMAN
MARY MARTIN
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON, | ) CIVIL NO. 01-0182 KSC |
| | ) |
|       Plaintiff, | ) |
| | ) CERTIFICATE OF SERVICE |
|    vs. | ) |
| | ) |
| ROBERT ALAN JONES, | ) |
| | ) |
|       Defendants, | ) |
| _____ | ) |
| | ) |
| ROBERT ALAN JONES, | ) |
| | ) |
|      Counterclaimant, | ) |
| | ) |
|   vs. | ) |
| | ) |
| CAROL J. NELSON, MICHAEL CETRARO, | ) |
| | ) |
|      Counterclaim Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

It is hereby certified that on the dates and by the methods of service noted below, a true and correct copy of the foregoing document was duly served on the following parties at their last known addresses:

Served electronically through CM/ECF: June 19, 2007.

14

Enver.painter@hawaiiantel.net
ENVER W. PAINTER, Jr., Esq.


DATED:  Honolulu, Hawaii, June 19, 2007


                                        ___/s/ Mary Martin_____
                                        ROBERT E. CHAPMAN
                                        MARY MARTIN
                                        Attorneys for
                                        Defendant/Counterclaimant
                                        ROBERT ALAN JONES

299842.1