Of Counsel:
CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

ROBERT E. CHAPMAN    #2679
rchapman@paclawteam.com
MARY MARTIN    #5475
mmartin@paclawteam.com
Topa Tower, Suite 2100
700 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 535-8400
Facsimile: (808) 535-8444

Attorneys for Defendant
Robert Alan Jones

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 27 2007

at 10 o'clock and 55 min A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT ALAN JONES,<br><br>    Defendants,<br><br>―――――――――――<br><br>ROBERT ALAN JONES,<br><br>    Counterclaimant,<br><br>vs.<br><br>CAROL J. NELSON, MICHAEL CETRARO,<br><br>    Counterclaim Defendants. | CIVIL NO. 01-182 KSC<br><br>DEFENDANT/ COUNTERCLAIMANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW; CERTIFICATE OF SERVICE<br><br><br><br>BENCH TRIAL: August 7, 2007<br>Magistrate Judge:<br>The Honorable Kevin S. Chang |

# DEFENDANT/ COUNTERCLAIMANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW Defendant-Counterclaimant, by and through his attorneys, Clay Chapman Crumpton Iwamura & Pulice, and submits his Proposed Findings of Fact and Conclusions of Law, pursuant to the Fourth Amended Rule 16 Scheduling Order, as amended.

## FINDINGS OF FACT

1. This matter was originally filed in the Circuit Court of the Third Circuit, State of Hawaii, by Carol Nelson against Robert Alan Jones to establish Ms. Nelson's right to ownership, possession and use of a piece of real property located in Kona, Hawaii. Exhibit D26.

2. The real property at issue is a condominium described as Apartment 406 of the condominium project known as "Kona Plaza", as shown on Condominium Map No. 273, as amended, filed in the Bureau of Conveyances of the State of Hawaii on April 26, 1973. Exhibit D26.

3. Mr. Jones removed the case to this Court and counterclaimed, seeking to establish his rights flowing from a 1998 written agreement of sale of real estate, which rights were assigned to him.

4. Counterclaim Defendants Heaukulani, Shelby, Gross and Bilanzich settled with Mr. Jones and were dismissed from this case with prejudice.

5. Plaintiff/Counterclaim Defendant Carol Nelson and Counterclaim Defendant Michael Cetraro were awarded summary judgment by Judge Gillmor on February 19, 2003.

6. On appeal, the United States Court of Appeals for the Ninth Circuit vacated and remanded[1] to the United States District Court.

7. The parties disagreed on interpretation of the import of the Ninth Circuit's ruling, and sought clarification from Judge Gillmor.

8. On April 26, 2006, Judge Gillmor entered a ruling that only Counts I and III of the Complaint, and Counts II, III, and V of the Counterclaim remained, and that Michael Cetraro was therefore not a party in the remand proceedings, but she refused to certify the order for an interlocutory appeal. Therefore, the purportedly dismissed claims against Cetraro remain alive for appeal, but no claims against Cetraro are involved in the instant proceedings.

9. On or about April 27, 1997 Carol Nelson ("Nelson"), the record owner of the condo entered into an Agreement of Sale ("AOS") to sell her Condominium 406 for a sale price of $135,000.00 to Michael Bilanzich and/or the Royal Aloha Coffee, Tea & Spice Company, Inc., for valuable consideration. Exhibit D7 and D8.

10. The financial terms for the AOS included a financial payoff of $70,000.00, which was amortized on a 24 year schedule at 10%. Exhibit D8.

11. The consideration for the AOS included the execution of a License Agreement between Bad Ass Coffee Company USA, of which

---

[1] The case was docketed as Nelson v. Jones, No. 03-16542; the referenced decision was filed on January 18, 2005.

Michael Bilanzich was the president, and Bad Ass Coffee Company of Montana, for which Carol Nelson and Michael Cetraro were partners; the deal also included trade credits for Bad Ass product. Exhibit D2, D3 and D4.

12. The License Agreement was signed; Nelson and Cetraro received the licenses and trade credits. Exhibit D2 and D4.

13. The AOS included an obligation on Nelson's part to subsequently transfer the legal title to the buyer or its assignee. Exhibit D8.

14. At the time a valid interest in real estate was transferred to the buyer under the AOS.

15. Bilanzich/Royal Aloha's interests in the condominium as described in the AOS were transferred and assigned to Bad Ass Coffee Limited Partnership, the nominee partnership owned by Jones effective July 1, 1998. Exhibits D1, D5 and D8.

16. The transfer to Bad Ass Coffee Limited Partnership was based on consideration of $50,000.00 down, plus assumption of the AOS contract payments due to Nelson/Cetraro. Id and Exhibit D3, D24.

17. Nelson and/or Cetraro agreed to the transfer of the contract to the new buyer Jones or his nominee in June 1998. Exhibit D12.

18. At the time of the transfer of the AOS to Jones, Bilanzich owed approximately $7,000.00 in back payments to Cetraro and/or Nelson. Exhibit D12.

19. Cetraro and/or Nelson sent monthly invoices to Jones, breaking down the payments due as to the mortgage payment, the maintenance fee, and the utility payments. Exhibit D16.

20. Jones has complied with his obligations under the AOS, to wit: he made all the monthly payments up until the date that Nelson refused to transfer title, and resumed payments as a result of court proceedings; in addition, he paid the lump sum of $7,000.00 that Bilanzich owed Nelson at the time that the AOS was assigned to Jones. Exhibits D13, D14 and D15.

21. Jones paid to Nelson/Cetraro the total amount of $52,642.70, including the $7,000.00 that had been due to them from Bilanzich; Jones paid $50,000.00 to Bilanzich for rights to the AOS for the condominium purchase. Exhibits D3 and D13.

22. The Bad Ass Coffee Limited Partnership assigned the condominium rights to Lahiri-Morning Star Limited Partnership on March 13, 1999. Exhibit D17.

23. In January 2001, Lahiri-Morning Star Limited Partnership initiated efforts to effect the balloon payment to Nelson and/or Cetraro, by either obtaining financing, or sale of the condo, with correspondence directed through their counsel. Exhibits D20, D21, D22 and D23.

24. Jones formally requested transfer of title, through Nelson's attorney. Exhibit D24.

25. On March 6, 2001, Jones received service of the Complaint initiating this lawsuit, as filed in the Third Circuit Court. Exhibit D26.

26. Having been served, Jones sought to establish a status quo as to the monthly payments, pending a decision in the litigation. Exhibit D25.

27. Lahiri Morning Star Limited Partnership transferred its condominium rights to Robert Alan Jones, personally, on March 30, 2001. Exhibit D18.

28. Since July 1998 Nelson has refused to transfer title to Jones, or his nominee.

29. Nelson sold the property, on or about January 8, 2004, for $275,000.00.

**CONCLUSIONS OF LAW**

30. When Nelson executed a valid AOS, and received substantial consideration pursuant thereto, her property rights in Condominium 406 were transferred to the buyer with the exception of "bare legal title."

31. The buyer and its assignee are – or were – entitled to full performance of the AOS.

32. Defendant Jones became the beneficial owner of Condominium 406.

33. Jones was entitled to exclusive possession and quiet enjoyment of the property.

34. Plaintiff Nelson has however sold the said property in fee to a third-party purchaser.

35. Nelson's conduct was wrongful and a breach of contract.

36.   Nelson's filing of the action in the Third Circuit Court, and refusal to convey title to Jones was an act of anticipatory repudiation, justifying his terminating payments until this Court instructed the reinstatement thereof.

37.   Defendant has suffered and continues to suffer damages, including loss of use as a result of sale of the condominium.

38.   The fair market value of the condo has been now established as follows:

    a.   At the time Jones became the beneficial owner on July 1, the fair market value was $120,000.00.  Exhibit D9.

    b.   At the time that Jones gave up possession of the property in April 2003, the fair market value was $205,000.00.  Exhibit D10.

    c.   As of February 2007, the date of the most recent appraisal, the fair market value of the property was $375,000; it is the benchmark for the beginning of calculation of damages.  Exhibit D11.

39.   Having sold the condo, enforcement of specific performance and transfer of title to Jones or his nominee would have been suitable as a partial remedy for Plaintiff's breach of the sales contract, but monetary damages are the only available remedy at this point.

40.  Defendant was entitled to a declaration of his beneficial ownership in the property, and was entitled to transfer of ownership of record, and his right to continued possession and quiet enjoyment.

41.  Bilanzich or his nominee paid 15 months under the AOS.

42.  Jones made 35 payments to the seller under the AOS.

43.  The actual damages to Mr. Jones are calculated by the lost profit as to the value of the property, minus the balance fo the purchase price, plus interest, plus his costs of litigation.

44.  Jones' total damages are therefore calculated at $375,000.00 (the value as of 2/28/07) minus $135,000.00 (purchase price), which equals $240,000, minus the balance of the purchase price of $63,670.04 (based on amortization table on the AOS terms at month #50), for a total of $176,329.96. Interest from January 8, 2004 to August 7, 2007 is calculated at $48.3093 per day for 1307 days, for a total interest of $63,140.26. The total loss is therefore $239,470.22 plus attorneys' fees and costs.

DATED: Honolulu, Hawaii, July 27, 2007.

/s/ Robert E. Chapman
ROBERT E. CHAPMAN
MARY MARTIN
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT ALAN JONES,<br><br>    Defendants,<br><br>_____<br><br>ROBERT ALAN JONES,<br><br>    Counterclaimant,<br><br>vs.<br><br>CAROL J. NELSON, MICHAEL CETRARO,<br><br>    Counterclaim Defendants.<br><br>_____ | CIVIL NO. 01-0182 KSC<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

It is hereby certified that on the dates and by the methods of service noted below, a true and correct copy of the foregoing document was duly served on the following parties at their last known addresses by hand delivery:

    ENVER W. PAINTER, Jr., Esq.
    1188 Bishop Street, Suite 2505
    Honolulu, HI 96813
        Attorney for Plaintiff

DATED: Honolulu, Hawaii, July 27, 2007

*/s/ Robert E. Chapman/*
ROBERT E. CHAPMAN
MARY MARTIN
Attorneys for
Defendant/Counterclaimant
ROBERT ALAN JONES

302784.1