ORIGINAL

Of Counsel:
CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

ROBERT E. CHAPMAN       #2679
rchapman@paclawteam.com
MARY MARTIN             #5475
mmartin@paclawteam.com
Topa Tower, Suite 2100
700 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 535-8400
Facsimile:  (808) 535-8444

Attorneys for Defendant-
Counterclaimant
Robert Alan Jones

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 27 2007

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON,<br><br>     Plaintiff,<br><br>  vs.<br><br>ROBERT ALAN JONES,<br><br>     Defendants,<br>_____<br><br>ROBERT ALAN JONES,<br><br>     Counterclaimant,<br><br>  vs.<br><br>CAROL J. NELSON, MICHAEL<br>CETRARO,<br><br>     Counterclaim<br>     Defendants.<br>_____ | CIVIL NO. 01-182 KSC<br><br>**DEFENDANT'S OBJECTIONS TO ADMISSIBILITY OF PLAINTIFF'S EXHIBITS;** EXHIBITS P-1, P-4, P-5, P-6, P-7, P-10, P-13, P-15, P-16, P-19;<br>CERTIFICATE OF SERVICE<br><br><br><br>BENCH TRIAL: August 7, 2007 |

## DEFENDANT'S OBJECTIONS TO ADMISSIBILITY OF PLAINTIFF'S EXHIBITS

COMES NOW Defendant-Counterclaimant Jones ("Jones"), by and through his attorneys, Clay Chapman Crumpton Iwamura & Pulice, and submits his objections to the admissibility of Plaintiff's Exhibits (attached hereto), as follows:

1.   **Plaintiff's P-1** is described in counsel's transmittal as a "letter of intent", and purportedly was signed by Plaintiff and persons who are not, or are no longer, parties to this action.

The document lacks any signatures, despite the representation, and therefore it is inadmissible for lack of foundation, and hearsay.  Further, the document has no relevance to the contract on which the instant lawsuit is based; the contract to which Jones became the assignee consisted only of one page of that document (which page is identified as P-2), with an amortization schedule (Exhibit D-8).

2.   **Plaintiff's P-4** purports to be a letter between a non-party, and a former party to this lawsuit.  It is therefore hearsay; it lacks foundation and relevance.

It is further inadmissible as it does not pertain to the litigating parties, nor to the issues at trial.

3.  **Plaintiff's P-5**.  This exhibit is objectionable for the exact same reasons as P-4.

4.  **Plaintiff's P-6**.  This exhibit is objectionable for the exact same reasons as P-4.

5.  **Plaintiff's P-7**.  This exhibit is objectionable for the exact same reasons as P-4.

6.  **Plaintiff's P-10**.  This exhibit is described as an accounting of "amounts owed and payments made with balances due", but it does not include the supporting documentation.  Further, it is, unauthenticated, unsigned, and appears to be incomplete, as it does not include all of the payments that were made by Jones (see Exhibit D-13).

7.  **Plaintiff's P-13**.  This exhibit was purportedly written by an unknown person, and is therefore hearsay and lacks foundation.  It is also irrelevant to the issues herein.

8.  **Plaintiff's P-15**.  This exhibit purports to be the deposition of a party who will testify at trial; therefore the deposition can only be used for impeachment, if appropriate.  It is not admissible.

9.   **Plaintiff's P-16**.  This exhibit purports to be excerpts from a franchise offering, but any franchise issue is not relevant to the instant proceedings.  More importantly, the document is hearsay and lacks foundation.  It is unsigned, and it is hearsay because it cannot be authenticated.

10.  **Plaintiff's P-19**.  This exhibit appears to be selective portions of Defendant's Exhibit D-13.  As provided, it is an incomplete representation of payments made by and/or on behalf of Jones, and therefore inadmissible.

DATED: Honolulu, Hawaii; July 27, 2007

ROBERT E. CHAPMAN
MARY MARTIN
Attorneys for Defendant