ENVER W. PAINTER, JR.  2525
Attorney at Law
1188 Bishop Street, Suite 2505
Honolulu, Hawaii 96813
Telephone: (808) 537-9777

Attorney for Plaintiff and
   Counterclaim/Defendant
   Carol J. Nelson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON, | ) CV 01-00182 KSC |
| Plaintiff, | ) |
| vs. | ) |
| ROBERT ALAN JONES | ) |
| Defendant. | ) PLAINTIFF'S OBJECTIONS TO |
|  | ) DEFENDANT'S PROPOSED |
|  | ) TRIAL EXHIBITS |
| ROBERT ALAN JONES | ) and CERTIFICATE OF SERVICE |
| Counterclaimant, | ) |
| vs. | ) |
|  | ) Bench Trial |
| CAROL NELSON | ) August 7, 2007 |
|  | ) Magistrate Judge |
| Counterclaim Defendant. | )    Kevin S. S. Chang |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED TRAIL EXHIBITS**

Plaintiff, CAROL J. NELSON (Nelson) by and through her undersigned attorney, hereby submit these Objections to Defendant's Proposed Trial Exhibits pursuant to the Court's Forth Amended Rule 16 Scheduling Order filed on January 5, 2007.[1]

| **Exhibit** | **Objection** |
|---|---|
| D6 | Inadmissible hearsay pursuant to FRE 802. This appears to be a incomplete or a portion of the examination of Mike Cetraro in an unidentified case. Mr. Cetraro will be called as a witness and will be subject to cross examination at trail. Assuming that any questions regarding the testimony offered as evidenced by D6, is relevant to any issue herein, Cetraro can be crossed as to his previous testimony. The evidence as offered does not fall within the exceptions to FRE 802 as set forth in FRE 803 |
| D7 | Inadmissible hearsay pursuant to FRE 802. Dennis Lovell has been named as a witness and it is assumed that he will give testimony at trail and be subject to cross examination. His prior Affidavit may be relevant for impeachment purposes should Mr. Lovell testify at trail. The evidence as offered does not fall with the exceptions to FRE 802 as set forth in FRE 803 |
| D9 - D11 | These are appraisals performed by Defendant's proposed expert witness. Plaintiff has no objection as the authenticity of same, however does object on the grounds of relevancy. Admissibility is subject to void dire of the proponent of the exhibit pursuant to FRE 702.1and a ruling by the Court re same. Plaintiff further object pursuant to FRE 703 and 705. The basis for the expert testimony and the underlying facts and or date relied upon in forming opinions have not been disclosed as required by FRE 703 and FRE 705 |

---

[1] The Court's Rule 16 scheduling Order states that copies of exhibits objected to are to be attached to these objections. However, upon receipt of Defendants proposed exhibits, Plaintiff's counsel began writing his comments and thoughts on his only copy of same. Counsel will endeavor to obtain clean copies of same and provide them to the Court.

| | |
|---|---|
| D12 | Inadmissible hearsay. Plaintiff assumes that his is a purported out of court communication between Mike Cetraro and Mike Bilanzich. Neither is a party in this case. Mr. Cetraro will be called as a witness at trial and subject to cross examination. |
| Revised D13 | Neither Plaintiff or her counsel have had an opportunity to examine this document as it was not produced until July 26, 2007. At the present Plaintiff has no objections to the document however reserves to raise objections after having an opportunity to examine the document. |
| Revised D14 | Neither Plaintiff or her counsel have had an opportunity to examine this document as it was not produced until July 26, 2007. It appears as though the document is a summary, however no source or back up documents are provided as required by FRE 1006. Plaintiff reserves the right to raise additional objections after having an opportunity to examine the document. |
| Revised D19 | Inadmissible hearsay pursuant to FRE 802. This appears to a copy of a deposition taken of Mr. Cetraro I the suit brought by Bad Ass Coffee Company of Hawaii, a Utah Corporation against Mr. Cetraro and other licensees alleging trade name infringement and to enjoin them from any further use of the trade name Bad Ass Coffee Company. Mr. Cetraro will be called as a witness and will be subject to cross examination at trail. Assuming that any questions regarding the testimony offered as evidenced by D19 are relevant to any issues herein, Cetraro can be cross examined as to his previous testimony. The evidence as offered does not fall within the exceptions to FRE 802 as set forth in FRE 803 |

DATED:    Honolulu, Hawaii, July 27, 2007.

_____
ENVER W. PAINTER, JR.
Attorney for Plaintiff/Counterclaim Defendant
CAROL J. NELSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CAROL J. NELSON, | ) | CV 01-00182 KSC |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| ROBERT ALAN JONES | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| ROBERT ALAN JONES | ) | |
| Counterclaimant, | ) | |
| vs. | ) | |
| | ) | |
| CAROL NELSON | ) | |
| Counterclaim Defendant | ) | |
| | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on below date a true and correct copy of the foregoing was duly served upon the following individuals by hand delivery at the following address:

ROBERT E. CHAPMAN
MARY MARTIN
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813

DATED:    Honolulu, Hawaii, July 27, 2007

_____
ENVER W. PAINTER, JR.
Attorney for Plaintiff/Counterclaim Defendant
CAROL J. NELSON