IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON, ) | CV 01-00182 KSC |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| ROBERT ALAN JONES ) | DECLARATION OF COUNSEL |
| ) | IN SUPPORT OF PLAINTIFF'S |
| Defendant. ) | MOTION FOR AWARD OF |
| ) | ATTORNEY'S FEES; EXHIBITS |
| ) | "A" - " |
| ROBERT ALAN JONES ) | |
| ) | |
| Counterclaimant, ) | |
| vs. ) | |
| ) | |
| CAROL NELSON ) | |
| ) | |
| Counterclaim ) | |
| Defendant. ) | |
| ) | |

DECLARATION OF COUNSEL IN SUPPORT OF
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES

I am counsel for Plaintiff and Counterclaim Defendant Carol J. Nelson (Nelson) herein and make this declaration upon personal knowledge and declare under penalty of perjury that the following is true and correct:

On August 31, 2001, I agreed to represent Plaintiff and Counterclaim Defendant Nelson and Counterclaim Defendant Mike Cetraro (Cetraro) in this matter by written fee agreement, a true copy of which is attached as Exhibit A.

I thereafter billed Nelson and Cetraro on a monthly basis. Billings for the period September 2001 through July 2003 are no longer maintained on our office computer. I only have hard copies of these billings, copies of which are attached hereto as Exhibits B. A summary of the monthly billings is included in Exhibit B.

I have reviewed each time entry in the billings attached hereto as Exhibit B. I have also reviewed the pleadings filed herein through the period September 1, 2001 through July 2003. Based upon my review of the time entries in the billings attached as Exhibit B and the pleadings filed for the same period, at least 2/5 or 40% of the time and fees incurred dealt directly with Jones assumpsit claims made in his Second Amended Counterclaim. The other 3/5 or 60% of the time billed during the September 2001 through July 2003 period related to Jones tort claims made against Cetraro and Nelson and/or Count I and III of Nelson's Complaint.

Nelson has therefor incurred fees during the September 2001 through July 2003 time period in the amount $22,702.19.

Pursuant to the fee agreement attached hereto as Exhibit A, I billed Nelson at the rate of $200 per hour. Since January 1, 2002, I have bill my clients at the rate of $250.00 per hour. However, since the original fee agreement with Nelson was for the rate of $200 per hour, I continued to bill Nelson at the lower rate. I believe that the hourly rate charged, $200 per hour, is less than what is

commensurate with my experience and expertise and are below rates charged by other attorneys in this community with similar backgrounds and experience.

Jones appealed from this Court's July 2003 Judgment entered in favor of Nelson and against Jones. I represented Nelson in that appeal. No fees are requested for any billings incurred by Nelson as a result of Jones appeal.

I continued to represent Nelson before this Court on the issued remanded by the Ninth Circuit Court of Appeals. Billings for this period, December of 2005 through August of 2007 were retained on my office computer. Time entries made for the period December of 2005 through August of 2007 are attached hereto as Exhibit C.

The issues on remand related exclusively to Jones' assumpsit claim, whether there was a contract for the purchase and sale of the subject property, whether that agreement was enforceable by Jones, whether Nelson and/or Jones breach that contract and whether Jones was damaged by Nelson's alleged breach.

Nelson incurred fees during the remanded portion of this case in the amount of $57,800.00, all of which are attributable to Jones assumpsit claims. Nelson therefor incurred fees relating to Jones assumpsit claims in the sum of $80,502.19. ($22,702.19 + $57,800.00 = $80,502.19)

Nelson has additionally incurred an additional 12.2 hours of fees incurred

for the research and preparation of this motion.  Said amount equals $2240.00. (12.2 hours x $200/hour = $24404.00)   The total fees incurred by Nelson in defense of Jones' assumpsit claims and in the preparation of this motion is therefore in the amount of $82,942.19

Pursuant to HRS § 607-14 fees awarded on assumpsit claims are limited to 25% of the amount of the assumpsit claim.  Jones originally claimed damages in excess of $400,000.  Jones however revised his damage claim on August 6, 2007 to the amount of $311,329.96.  For purposes of this motion, Nelson has used Jones' August 6, 2007 amended damage in the amount of $311,329.96.  The fees to which Nelson is entitled is therefore 25% of $311,329.96, an amount equal to $77,832.49. ($311,329.96 x .25 = $$77,832.49)

The fees incurred by Nelson in the defense of Jones assumpsit claims are reasonable given the length and complexity of this litigation.  The fees incurred were necessary and would not have been incurred but for Jones' assumpsit claims made herein.

DATED:   Honolulu, Hawaii, September 18, 2007.

_____
ENVER W. PAINTER, JR.
Attorney for Plaintiff/Counterclaim
Defendant CAROL J. NELSON