IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON, | ) CIVIL NO. 01-00182 KSC |
| | ) |
| Plaintiff, | ) ORDER DENYING WITHOUT |
| | ) PREJUDICE PLAINTIFF'S |
| vs. | ) MOTION FOR ATTORNEY'S FEES |
| | ) |
| ROBERT ALAN JONES, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | ) |
| | ) |
| ROBERT ALAN JONES, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| CAROL J. NELSON, | ) |
| | ) |
| Counterclaim Defendant. | ) |
| _____ | ) |

ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On September 18, 2007, Plaintiff/Counterclaim Defendant Carol J. Nelson ("Plaintiff") filed a Motion for Attorney's Fees ("Motion"). Defendant/Counterclaim Plaintiff Robert Alan Jones did not file an Opposition. Pursuant to Local Rule 7.2(d) of the Local Rules of

Practice for the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.

Plaintiff moves for an award of attorneys' fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure ("Rules"), Local Rule 54.3, and Hawaii Revised Statutes § 607-14. After careful consideration of Plaintiff's Motion and the supporting memoranda and exhibits, the Court finds that Plaintiff has failed to comply with the requirements set forth in Local Rule 54.3.

Local Rule 54.3(b) specifies that a court "will not consider a motion for attorneys' fees and related non-taxable expenses until moving counsel shall first advise the court in writing that, after consultation, or good faith efforts to consult, the parties are unable to reach an agreement." Local Rule 54.3(b). Local Rule 54.3(b) further provides that the "statement of consultation shall be filed and served by the moving party within fourteen (14) days after the filing of the motion." See id. Plaintiff has not submitted a

written statement of consultation to the Court in accordance with Local Rule 54.3(b).  In addition, the Court finds that Plaintiff's submissions do not fully comply with Local Rule 54.3(d).  For example, Plaintiff's time sheets are not organized by litigation phase.  See, e.g., id. 54.3(d)(1) (describing the following litigation phases: (A) case development, background investigation and case administration; (B) pleadings; (C) interrogatories, document production and other discovery; (D) depositions; (E) motions practice; (F) attending court hearings; (G) trial preparation and attending trial; and (H) post-trial motions).  The Court accordingly denies Plaintiff's Motion because it fails to comply with the applicable Local Rules.

## CONCLUSION

Based on the foregoing, the Court HEREBY DENIES Plaintiff's Motion without prejudice.  Plaintiff may refile her Motion with the required information after submitting a statement of consultation.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, October 10, 2007.




Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 01-00182 KSC; <u>NELSON V. JONES</u>, ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES