IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CAROL J. NELSON, | ) | CV 01-00182 KSC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| ROBERT ALAN JONES | ) | MEMORANDUM IN SUPPORT |
| | ) | OF PLAINTIFF'S MOTION FOR |
| Defendant. | ) | AWARD OF ATTORNEY'S FEES |
| | ) | |
| | ) | |
| ROBERT ALAN JONES | ) | |
| | ) | |
| Counterclaimant, | ) | |
| vs. | ) | |
| | ) | |
| CAROL NELSON | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEY'S FEES**

COMES NOW Plaintiff, Carol J. Nelson, (Nelson) by and through her undersigned counsel, and hereby submits this memorandum in support of her motion for an award of attorney's fees.

**INTRODUCTION:**

Nelson initially filed this action in the Circuit Court of the Third Circuit

seeking possession of the subject property and other relief. Defendant Robert Allan Jones (Jones) removed this case to this Court pursuant to this Court's diversity jurisdiction and filed a counterclaim wherein he alleged the existence of a contract for the sale of the subject property and breach of that contract by Nelson. Nelson subsequently sought and was granted summary judgment in her favor on Jones counterclaim. Jones surrender possession of the property to Nelson and appealed. The property was sold while Jones appeal was pending. The Ninth Circuit Court of Appeals vacated and remanded regarding the issues of the enforceability of the agreement for the purchase and sale of the subject property . Trial of the remanded issues proceed in this Court, including Jones' claim that Nelson breached the contract for the purchase and sale of the subject property.

Jones sought an award of damages for Nelson's alleged breach of the contract in an unspecified amount. In his Pretrial Statement filed herein on June 19, 2007, Jones calculated his damages as in excess of $400,000. On July 27, 2007 Jones filed proposed findings of fact and conclusions of law wherein he further quantified the amount of damages sought as $239,470.22 plus attorneys fees and cost. In amended proposed findings of fact and conclusion of law filed on August 6, 2007, Jones amended his damages claim to $311,329.96. This matter proceeded to trail on August 7, 8 and 9, 2007 with Jones arguing that he was

entitled to an award of damages in the amount of $311,329.96. On August 20, 2007, Jones filed amended proposed findings of fact and conclusion of law stating that the damages he sought were in the amount of $311,482.24 plus interest from February 28, 2007, costs and attorneys fees. For purposes of this motion, Nelson uses Jones' damage claim made in the August 6, 2007 amended proposed findings and conclusion in the amount of $311,329.96, the amount claimed during the trail of this matter.

Judgment was entered in favor of Nelson and against Jones on his counterclaim on September 6, 2007. On September 18, 2007 Nelson moved for an award of the fees incurred in defending against Jones assumpsit counterclaims whereby Nelson sought attorneys fees as provided for and limited by HRS §607-14 in the amount of $77,832.49. Nelson's Motion filed on September 18, 2007 and the Declaration of Enver W. Painter, Jr and the Exhibits "A' - "C" attached thereto are incorporated herein by reference as though fully set forth herein.

**DISCUSSION:**

    a.    **Nelson is entitled to fees incurred re Jones' counterclaim**

Jones' counterclaims against Nelson, that there was an agreement for the purchase and sale of the subject property, that Nelson breached the agreement and that as a result Jones was damaged, were clearly in the nature of assumpsit.

In <u>Metcalf v. Voluntary Employees' Ben. Assoc.</u>, 99 Haw. 53, 52 P.3d 823(2002) the Hawai'i Supreme Court stated:

> This court has noted that "'assumpsit' is 'a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations.'" Blair v. Ing, 96 Hawai`i 327, 332, 31 P.2d 184, 189 (2001) (quoting TSA Int'l. Ltd. v. Shimizu Corp., 92 Hawai`i 243, 264, 990 P.2d 713, 734 (1999)). Additionally,
>
>> [i]n ascertaining the nature of the proceeding on appeal, this court has looked to the essential character of the underlying action in the trial court. The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought. Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit.
>
> <u>Blair</u>, 96 Hawai`i at 332, 31 P.2d at 189 (citations, internal quotation marks, and footnote omitted)

<u>Metcalf</u> at 62

Nelson, as the prevailing party on Jones assumpsit counterclaim is entitled to an award of her attorney's fees as provided for by HRS § 607-14.

**§ 607-14 Attorneys' fees in actions in the nature of assumpsit, etc.**

In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the

-4-

court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

\*   \*   \*   \*   \*

The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and <u>upon the amount sued for if the defendant obtains judgment</u>.

HRS § 607-14 [Emphasis Added]

In diversity cases, federal courts follow state law in determining whether the allowance of counsel fees is proper. <u>Montserrat Overseas Holdings, S.A. v. Larsen</u>, 709 F.2d 22, 1983 (9th Cir. 1983).

### b.   Quantum of fees to which Nelson is entitled.

Regarding the amount of fees to which Nelson is entitled, Jones' Counterclaim was filed on March 30, 2001 wherein he named Nelson's then counsel, Charles Heaukulani, as a "counterclaim defendant." Jones subsequently moved to disqualify Heaukulani as Nelson's counsel. As a result, Heaukulani withdrew and Nelson's undersigned counsel agreed to appear on her behalf on August 31, 2001 and has represented Nelson herein to date.

Jones filed his Second Amended Counterclaim on October 10, 2001 wherein he generally made the same allegations against Nelson as made in his March 30, 2001 counterclaim. The undersigned counsel thereafter moved for summary judgment in Nelson's favor as to Counts I and III of Nelson's Complaint. That Motion was denied because of the existence of an issue of material fact regarding Jones' allegation that there was an agreement for the purchase and sale of the subject property.

Nelson thereafter stipulated that there was an agreement for the purchase of the subject property as argued by Jones for purposes of a second motion for summary judgment. In her second motion for summary judgment, Nelson moved for judgment as to Counts I and III of her Complaint and Jones' Second Amended Counterclaim. Jones alleged in Count II of the Second Amended Counterclaim that "Since July of 1998 Nelson has breached the contract of sale by failing to transfer title to Jones, or his nominee." The Court granted Nelson's second motion for summary judgment and Nelson thereafter dismissed her remaining claim without prejudice.

Nelson incurred attorneys fees for the undersign counsel's representation in this matter through the Court's granting of her second motion for summary judgment in the amount of $56,755.49. (See Declaration of Enver W. Painter, Jr

and Exhibit B thereto.) Counsel has studies his billings for this period of time and has determined that 2/5 or 40 % of the billings were incurred in defense of Jones' allegations of a contract and Nelson's breach of that contract, i.e. Jones' assumpsit claims. The remaining 60% of the fees incurred dealt primarily with the other counts of Jones' Second Amended Counterclaim, most of which sounded in tort. Nelson is therefor requesting attorneys fees for the period September 1, 2001 through entry of the Judgment in her favor on July 17, 2003 equal to 40% of the fees incurred during said period in the amount of $22,702.19. ($56,755.49 x .4 = $22,702.19).

Jones appealed this Court's July 17, 2003 Judgment against him. The Ninth Circuit Court of Appeals vacated this Court's granting of Nelson's second motion for summary judgment to the extent that:

> (1) the district court concluded that the Agreement of Sale was invalid due to a failure of consideration or condition precedent and,
>
> (2) the district court relied on Jones material breach of the Agreement

The case was remanded on these two issues which necessarily included trial of the issue regarding Jones allegation of a contract for the purchase and sale of the subject property, whether that contract was enforceable and whether Jones

and/or Nelson breached the contract. Trail on the remanded issues was held on August 7, 8 and 9, 2007 and Judgment was entered against Jones and in Nelson's favor on September 6, 2007.

Nelson incurred fees during the remanded phase of this case (December of 2005 through August of 2007) in the amount of $57,800.00, all of which are attributable to Jones assumpsit claims. Fees incurred in the defense of Jones assumpsit claims therefor total $80,502.19. ($22,702.19 + $57,800.00 = $80,502.19)

Nelson has additionally incurred an additional 12.2 hours of fees incurred for the research and preparation of this motion. Said amount equals $2240.00. (12.2 hours x $200/hour = $24404.00) The total fees incurred by Nelson in defense of Jones' assumpsit claims and in the preparation of this motion is therefore in the amount of $82,942.19. Nelson has incurred additional fees dividing prior billings into the categories specified by Local Rule 54.3 (d)(1) and in the preparation of this Renewed Motion in the approximate amount of $1400.00. Nelson is not seeking any fees associated with this Renewed Motion

HS § 607-14 states that the amount of fees awarded shall not exceed twenty-five per cent of the judgment or the amount sued for if the defendant, in this case Nelson as the Counterclaim Defendant, obtains judgment. Jones claimed

damages for Nelson's alleged breach of the agreement for the purchase and sale of the subject property in the amount of $311,329.96. Nelson therefor request that she be awarded fees incurred in defense of Jones assumpsit claims in the amount of $$77,832.49. ($311,329.96 x .25 = $$77,832.49)

DATED:   Honolulu, Hawaii, December 21, 2007.

_____
ENVER W. PAINTER, JR.
Attorney for Plaintiff/Counterclaim
Defendant CAROL J. NELSON