Robert Alan Jones
RAJ LIMITED, P.C.
1061 E. Flamingo Road, Suite 7
Las Vegas, Nevada 89119
(702) 791-3405
*Pro Se*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL J. NELSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALAN JONES; DOES 1-30,<br><br>　　　　Defendant.<br><br>ROBERT ALAN JONES<br>a Nevada resident,<br><br><br><br>　　　　Counterclaimant,<br>vs.<br>CAROL NELSON, a Hawaii resident,<br><br>　　　　Counterclaim Defendant. | Civil No. CV01-00182 KSC<br>Magistrate Judge Kevin S. S. Chang<br><br><br><br><br><br><br><br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION FOR ATTORNEY FEES** |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION FOR ATTORNEY FEES

COMES NOW Defendant, Robert Alan Jones, *pro se,* and submits this memorandum in support of his opposition to plaintiff's motion for attorney's fees.

First, plaintiff creatively asserts that defendant's entire counter claim was the equivalent of an assumpsit action for breach of contract. Plaintiff is incorrect. The original basis for defendant Jones' counter claim was an action in equity for specific performance, and for declaratory relief,

declaring that he was the rightful owner of the condominium for which legal title was held by plaintiff, Carol Nelson. The changed nature of the claims in the instant lawsuit did not occur until after Ms. Nelson was granted summary judgment, possession of the condominium, and expungement of the *lis pendens*.

Subsequent to the above occurrences, Ms. Nelson sold the condominium to an independent third party, wiping out Mr. Jones' equitable claims leaving, by order of the Court following remand, only claims for damages. Assuming *arguendo* that this Honorable Court was correct that Ms. Nelson was entitled to rescission, an equitable remedy, and that neither party to the action was at fault, then there is no prevailing party as to a contract damage claim, and no attorney's fees to be awarded.

Assuming *arguendo* on the other hand that Ms. Nelson's defense on remand was against the equivalent of an assumpsit claim for damages, she is clearly not entitled to any fees for the first part of this action in which she did not prevail before the U. S. Ninth Circuit Court of Appeals. Then with respect to the recent trial before this Court, her attorney's fee claims should be reduced by the amount necessary to prosecute her claims which were not resolved in her favor leaving totally compensable attorney's fees of about $30,630.

These amounts are calculated by allowing 50% of her trial costs $16,250, 20% of her motions costs $3,240, a reasonable amount of $1,660 for her hearing costs, and a reasonable figure of $9,480 for case development. The balance of the claimed fees is certainly not due to defense of assumpsit claims.

WHEREFORE, *pro se* defendant Robert Alan Jones prays that plaintiff's motion be denied

in its entirety as not based on assumpsit defenses, or in the alternative reduced to the amounts set out above.

Dated this 12TH day of January, 2008.

                                               Respectfully submitted,

                                               _____

                                               Robert Alan Jones
                                               *Pro Se*