IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CAROL J. NELSON,                    ) CIVIL NO. 01-00182 KSC
                                    )
          Plaintiff,                ) ORDER GRANTING IN PART AND
                                    ) DENYING IN PART
     vs.                            ) PLAINTIFF'S MOTION FOR
                                    ) AWARD OF ATTORNEY'S FEES
ROBERT ALAN JONES,                  )
                                    )
          Defendant.                )
_____   )
                                    )
                                    )
ROBERT ALAN JONES,                  )
                                    )
          Counterclaimant,          )
                                    )
     vs.                            )
                                    )
CAROL J. NELSON,                    )
                                    )
          Counterclaim              )
          Defendant.                )
_____   )

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES

          Before the Court is Plaintiff/Counterclaim

Defendant Carol Nelson's ("Plaintiff") Motion for Award

of Attorney's Fees ("Motion"), filed December 31, 2007.

Prior to the filing of the Motion, Plaintiff filed two

identical Statements of Consultation on December 11 and

December 20, 2007.  On January 14, 2008, Defendant/
Counterclaim Plaintiff Robert Alan Jones ("Defendant")
filed an Opposition.  Plaintiff filed a Reply on
January 28, 2008.

Pursuant to Local Rule 7.2(d) of the Local
Rules of Practice of the United States District Court
for the District of Hawaii ("Local Rules"), the Court
finds this matter suitable for disposition without a
hearing.  After careful consideration of the Motion,
the supporting and opposing memoranda, and the relevant
case law, the Court GRANTS IN PART AND DENIES IN PART
Plaintiff's Motion and awards Plaintiff $51,986.00 in
attorneys' fees.

<u>BACKGROUND</u>

On February 13, 2001, Plaintiff filed a
Complaint in the Third Circuit, State of Hawaii, for
Summary Possession, Ejectment and Damages.  On March
23, 2001, Defendant removed the case to this Court on
the basis of diversity jurisdiction.

On April 2, 2001, Defendant filed his Answer
and a Counterclaim Joining Additional Counterclaim

2

Defendants.  On October 10, 2001, Defendant filed a Second Amended Counterclaim and added additional Counterclaim Defendants.

On February 19, 2003, Chief United States District Judge Helen Gillmor entered an Order Granting Plaintiff Carol J. Nelson's and Counterclaim Defendant Michael Cetraro's Motion for Summary Judgment and for Expungement of Lis Pendens Filed August 28, 2002 ("February 19, 2003 Order").  In the February 19, 2003 Order, Judge Gillmor granted Nelson and Counterclaim Defendant Michael Cetraro's ("Cetraro") motion for summary judgment as to Count I (summary possession) and Count III (declaratory relief) of Plaintiff's Complaint.  February 19, 2003 Order at 46.  The Court declared that Plaintiff was the legal owner of the subject condominium located in Kona, Hawaii.  Id.  The Court also granted Plaintiff's and Cetraro's motion for summary judgment as to Counterclaims I-VIII of Defendant's Second Amended Counterclaim.  Id.

Defendant appealed the February 19, 2003 Order granting summary judgment in favor of Nelson and

3

Cetraro as to Count I (summary possession) and Count III (declaratory relief) of Plaintiff's Complaint.  <u>See</u> Order Clarifying Remaining Parties and Claims filed April 26, 2006 ("April 26, 2006 Order") at 2.

On June 27, 2003, Plaintiff dismissed the remaining claims in her Complaint:  Counts II, IV, V, and VI.  <u>Id.</u> at 2.

On January 18, 2005, the Ninth Circuit Court of Appeals entered an Order Vacating and Remanding as to the Court's February 19, 2003 Order.  <u>Id.</u> at 3; <u>Nelson v. Jones</u>, No. 03-16542, 2005 WL 89421 (9th Cir. Jan. 18, 2005).

On January 24, 2006, Defendant filed a motion for clarification as to the remaining parties and claims.  On April 26, 2006, the Court issued an Order Clarifying Remaining Parties and Claims.  The Court construed the Ninth Circuit Order to indicate that only Plaintiff's 1) summary possession and 2) declaratory relief claims and Defendant's 1) breach of contract, 2) breach of contract for specific performance, and 3) declaratory relief counterclaims were reinstated and

4

found that the remaining counterclaims in Defendant's Second Amended Counterclaim were not at issue. Therefore, the Court held that this matter would proceed to trial on the following issues:  1) whether the parties entered into an Agreement of Sale with respect to the Kona, Hawaii condominium; 2) if so, whether the Agreement of Sale is enforceable; and 3) who has the right to possession and ownership of the Kona, Hawaii condominium.

This matter came on for bench trial on August 7 8, and 9, 2007.  On August 31, 2007, the Court issued its Findings of Fact and Conclusions of Law.  The Court found in Plaintiff's favor on her summary possession and declaratory relief claims.  Further, the Court held that Plaintiff was entitled to judgment as to Defendant's breach of contract and declaratory relief counterclaims.  The Court determined that Defendant's breach of contract for specific performance counterclaim was rendered moot by the sale of the subject condominium to an unrelated party during the pendency of the action.  On September 6, 2007, the

5

Court entered judgment in Plaintiff's favor.

On September 18, 2007, Plaintiff filed a motion for award of attorney's fees. The Court denied said motion without prejudice on October 10, 2007 due to Plaintiff's failure to timely file a statement of consultation and for non-compliance with Local Rule 54.3(d).

Plaintiff now moves for $77,832.49 in attorneys' fees, which she allegedly incurred in defending against Defendant's assumpsit counterclaim.

<u>DISCUSSION</u>

A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees. <u>See</u> <u>Farmers Ins. Exch.</u> <u>v. Law Offices of Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001). Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." <u>Stanford Carr Dev. Corp.</u> <u>v. Unity House, Inc.</u>, 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).

A.    Timeliness of Motion

Motions for attorneys' fees and costs "must be filed no later than 14 days after entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B); see also Local Rule 54.3(a).  "Rule 54(a) defines 'judgment' as including 'any order from which an appeal lies' and 'posits a relationship between a judgment and its appealability.' Pavlovich v. Nat'l City Bank, 461 F.3d 832, 836 (6th Cir. 2006) (quoting Castro County, Texas v. Crespin, 101 F.3d 121, 128 (D.C. Cir. 1996)).  The Court entered judgment on September 6, 2007.  On September 18, 2007, Plaintiff timely filed her first motion for award of attorneys' fees.  Because the Court denied the motion without prejudice and did not establish a deadline for filing another motion, the Court considers the instant Motion timely filed under the rules.

B.    Applicability of Hawaii Revised Statutes § 607-14

Plaintiff seeks an award of fees pursuant to Hawaii Revised Statutes ("HRS") § 607-14, which states, in pertinent part:

In all the courts, in all actions in the

7

nature of assumpsit and in all actions on
a promissory note or other contract in
writing that provides for an attorney's
fee, there shall be taxed as attorneys'
fees, to be paid by the losing party and
to be included in the sum for which
execution may issue, a fee that the court
determines to be reasonable; provided that
the attorney representing the prevailing
party shall submit to the court an
affidavit stating the amount of time the
attorney spent on the action and the
amount of time the attorney is likely to
spend to obtain a final written judgment,
or, if the fee is not based on an hourly
rate, the amount of the agreed upon fee.
The court shall then tax attorneys' fees,
which the court determines to be
reasonable, to be paid by the losing
party; provided that this amount shall not
exceed twenty-five per cent of the
judgment.

Haw. Rev. Stat. § 607-14.  A court awarding attorneys'

fees pursuant to § 607-14 must apportion the fees

claimed between assumpsit and non-assumpsit claims, if

practicable.  See Blair v. Ing, 96 Hawai'i 327, 332, 31

P.3d 184, 189 (2001).

    1.  Prevailing Party

        Recognizing that HRS § 607-14 only provides a

basis for attorneys' fees with respect to claims that

are in the nature of assumpsit, Plaintiff argues that

8

she is the prevailing party as to Defendant's breach of
contract counterclaim, pursuant to the Judgment entered
on September 6, 2007.  The Hawaii courts have noted
that "'[i]n general, a party in whose favor judgment is
rendered by the district court is the prevailing party
in that court, plaintiff or defendant, as the case may
be. . . .'"  MFD Partners v. Murphy, 9 Haw. App. 509,
514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W.
Taggart & J. Wicker, Moore's Federal Practice ¶
54.70[4], at 54-323-54-324, (2d ed. 1992)) (some
alterations in original); see also Village Park Cmty.
Ass'n v. Nishimura, 108 Hawai'i 487, 503, 122 P.3d 267,
283 (Haw. Ct. App. 2005).

        Insofar as the Court entered final judgment in
Plaintiff's favor and against Defendant with respect to
all claims on remand, including the breach of contract
counterclaim, Plaintiff is the prevailing party.

    2.  Nature of the Counterclaim

        The Court's next inquiry is whether Defendant's
breach of contract counterclaim is in the nature of
assumpsit.  Defendant argues that the original basis

9

for his counterclaims was an action in equity for specific performance, with the nature of the claims changing only after the granting of summary judgment.

"Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted). "'[T]he nature of a claim' is 'determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.'" S. Utsunomiya Enters, Inc. v. Moomuku Country Club, 76 Hawai'i 396, 400, 879 P.2d 501, 505 (1994). For a claim to be in the nature of assumpsit, "the plaintiff's primary objective must be to obtain monetary relief for breach of the contract." Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 151 P.3d 732, 761 (Haw. 2007).

In the present case, the breach of contract

10

counterclaim is in the nature of assumpsit.  Clearly,
Defendant's primary objective was to obtain monetary
relief for his allegation of breach.  He sought
$311,329.96 in damages for breach of contract.  Thus,
Plaintiff is entitled to attorneys' fees with respect
to Defendant's breach of contract counterclaim.

C.    Calculation of Fees

Given that Plaintiff is entitled to fees
incurred in defending against Defendant's breach of
contract counterclaim, the Court now turns to the
amount of the entitlement.

Hawaii courts calculate reasonable attorneys'
fees based on a method that is virtually identical to
the traditional "lodestar" calculation set forth in
Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See
DFS Group L.P. v. Paiea Props., 110 Hawai'i 217, 222,
131 P.3d 500, 505 (2006).  The court must determine a
reasonable fee by multiplying the number of hours
reasonably expended by a reasonable hourly rate.  See
id. at 222-23, 131 P.3d at 505-06.  In addition, Hawaii
courts may consider the following factors:

> (1) the time and labor required, the
> novelty and difficulty of the questions
> involved and the skill requisite properly
> to conduct the cause; (2) whether the
> acceptance of employment in the particular
> case will preclude the lawyer's appearance
> for others in cases likely to arise out of
> the transaction, and in which there is a
> reasonable expectation that otherwise he
> would be employed, or will involve the
> loss of other employment while employed in
> the particular case or antagonisms with
> other clients; (3) the customary charges
> of the Bar for similar services; (4) the
> amount involved in the controversy and the
> benefits resulting to the client from the
> services; (5) the contingency or the
> certainty of the compensation; and (6) the
> character of the employment, whether
> casual or for an established and constant
> client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai'i,

106 Hawai'i 416, 435, 106 P.3d 339, 358 (2005)

(citations omitted).  These factors, however, are

merely guides; courts need not consider them in every

case.  See id.  In certain types of cases, some of

these factors may justify applying a multiplier to the

"lodestar" amount.  See Chun v. Bd. of Trs. of

Employees' Ret. Sys. of Hawai'i, 92 Hawai'i 432, 442,

992 P.2d 127, 137 (2000).

    Plaintiff requests $77,832.49 in attorneys'

12

fees.  This amount reflects 25% of the $311,329.96 in damages requested by Defendant.  <u>See</u> Haw. Rev. Stat. § 607-14 ("The above fees provided for by this section shall be assessed . . . upon the amount sued for if the defendant obtains judgment.").  Plaintiff claims to have actually incurred $78,660.00[1] defending against the counterclaims and preparing this Motion.  The breakdown of this total is as follows:  1) $20,680 ($51,700.00 x 40%) - Plaintiff incurred $51,700.00 in fees from September 1, 2001 to July 17, 2003 and Mr. Painter determined that only 40% of the billings were dedicated to the defense of the counterclaims; 2) $55,540.00 - fees incurred during the remanded phase of this action, all of which are attributable to the counterclaims; and 3) $2,440.00 - fees incurred for the preparation of this Motion.

As an initial matter, the Court notes that

---

[1]  Plaintiff actually requests $82,942.19. However, Plaintiff's calculations appear to be incorrect, based on the billing statements submitted as Exhibit A.  Thus, the Court's calculations will hereinafter serve as the requested amount of fees.

Plaintiff is not entitled to the fees incurred from September 1, 2001 to July 17, 2003.  Federal Rule of Civil Procedure 54(d) requires that motions for attorneys' fees be filed no later than 14 days after the entry of judgment.  The Court originally entered judgment in Plaintiff's favor on July 17, 2003. Plaintiff failed to file a motion for attorneys' fees within 14 days following the entry of judgment. Therefore, to the extent that this Motion seeks fees incurred in litigating the case prior to the 2003 entry of judgment, it is untimely.  The Court will accordingly limit its review to the fees requested for the remand phase of the action.

    1.  <u>Reasonable Hourly Rate</u>

      Plaintiff's counsel requests a $200 hourly rate.  The Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate. <u>See</u>, <u>e.g.</u>, <u>Reiche v. Ferrera</u>, No. 24449, 2003 WL 139608, at *8 (Hawai'i Ct. App. Jan. 16, 2003) ("The

14

reasonable hourly rate is that prevailing in the
community for similar work." (citing <u>United States v.
Metro. Dist. Comm'n</u>, 847 F.2d 12, 19 (1st Cir. 1988)).
<u>But see DFS Group</u>, 110 Hawai'i at 223, 131 P.3d at 506
(determining a reasonable hourly rate by calculating
the average of the four requested rates).  This Court
therefore finds that federal case law on the
determination of a reasonable hourly rate is
instructive in the instant case.

In determining what is a reasonable hourly
rate, the experience, skill, and reputation of the
attorney requesting fees are taken into account.  <u>See
Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir.
2002).  The reasonable hourly rate should reflect the
prevailing market rates in the community.  <u>See id.</u>;
<u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir.
1992), <u>as amended on denial of reh'g</u>, (1993) (noting
that the rate awarded should reflect "the rates of
attorneys practicing in the forum district"); <u>see also
Chun</u>, 106 Hawai'i at 435, 106 P.3d at 358 (listing "the
customary charges of the Bar for similar services" as a

15

factor that may be considered).  It is the burden of
the fee applicant to produce satisfactory evidence, in
addition to an affidavit from the fee applicant,
demonstrating that the requested hourly rate reflects
prevailing community rates for similar services.  <u>See</u>
<u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th
Cir. 1987).

      Mr. Painter has been a member of the Hawaii Bar
since 1979.  Mr. Painter represents that since January
1, 2002, he has billed at an hourly rate of $250, and
that both the United State Bankruptcy Court and this
Court have awarded fees based on said rate.  <u>See</u> Mot.,
Declaration of Enver Painter, Jr. ("Painter Decl.") at
2-3.  He also declares that this rate is commensurate
with his experience and expertise and is comparable to
the rates charged by other attorneys in this community
with similar experience.  <u>Id.</u> at 3.  Despite this fact,
Mr. Painter bases the fee request on $200 hourly rate
given the 2001 fee agreement he entered into with
Plaintiff.  <u>Id.</u>

      This Court is well aware of the prevailing

rates in the community for similar services performed
by attorneys of comparable experience, skill and
reputation.  Based on this Court's knowledge of the
community's prevailing rates, the hourly rates
generally granted by the Court, the Court's familiarity
with this case, and Mr. Painter's submissions, this
Court finds that Mr. Painter's $200 hourly rate is
manifestly reasonable.

     2.   <u>Reasonable Hours Spent</u>

       For the reasoning stated in Section C.1, this
Court finds federal case instructive on the issue of
the reasonable number hours expended on the instant
case.  Beyond establishing a reasonable hourly rate, a
prevailing party seeking attorneys' fees bears the
burden of proving that the fees and costs taxed are
associated with the relief requested and are reasonably
necessary to achieve the results obtained.  See <u>Tirona
v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632,
636 (D. Haw. 1993) (citations omitted); <u>see also</u> <u>Sharp
v. Hui Wahine</u>, 49 Haw. 241, 247, 413 P.2d 242, 246
(1966) (the party requesting fees has the burden to

prove that the requested fees were reasonably and
necessarily incurred).  The court must guard against
awarding fees and costs which are excessive, and must
determine which fees and costs were self-imposed and
avoidable.  See Tirona, 821 F. Supp. at 637 (citing
INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391,
404 (6th Cir. 1987), cert. denied, 484 U.S. 927
(1987)).  Courts have the "discretion to 'trim fat'
from, or otherwise reduce, the number of hours claimed
to have been spent on the case."  Soler v. G & U, Inc.,
801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation
omitted).  Time expended on work deemed "excessive,
redundant, or otherwise unnecessary" shall not be
compensated.  See Gates, 987 F.2d at 1399 (quoting
Hensley, 461 U.S. at 433-34).

     Plaintiff represents that all of the fees
incurred from December 2005 to August 2007 can be
attributed to the counterclaim.  The billing statements
indicate that Mr. Painter expended 27.6 hours on Case
Development, Investigation, and Administration; 12.4
hours on Pleadings; 25.4 hours on Motions Practice; 6.3

18

hours on Attending Court Hearings; 162.5 hours on Trial
Preparation; and 43.5 hours on Post-Trial Motions
Pleadings, for a total of 277.7 hours.

Defendant does not entirely oppose the request
for fees related to the issues on remand.  However, he
argues that the fees should be reduced to $30,630.00 in
order to apportion between the assumpsit and non-
assumpsit claims.  Defendant proposes the following
breakdown of fees:  50% of trial costs, or $16,250.00;
20% of motions costs, or $3,240.00; and $9,480.00 for
case development.

In cases involving both assumpsit and non-
assumpsit claims, "a court must base its award of fees,
if practicable, on an apportionment of the fees claimed
between assumpsit and non-assumpsit claims." TSA Int'l
Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d
713, 734 (Haw. 1999) (citation omitted).  In conducting
this analysis, the court must determine whether each
individual claim alleged in the complaint sounds in
assumpsit or in tort and apportion fees between the
assumpsit and non-assumpsit claims if practicable.

19

Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877,
885 (D. Haw. 2000).  However, in some cases it may be
impracticable or impossible to apportion fees.  See,
e.g., Blair, 96 Hawai'i at 333, 31 P.3d at 190
("Because the negligence claim in this case was derived
from the alleged implied contract and was inextricably
linked to the implied contract claim by virtue of the
malpractice suit, we hold that it is impracticable, if
not impossible, to apportion the fees between the
assumpsit and non-assumpsit claims.").  Thus, under
Blair, a court may award reasonable attorneys' fees
pursuant to HRS § 607-14 to a party who succeeds on a
contract claim that is "inextricably linked" to a tort
claim, and decline to apportion fees.  Id.

        Here, four claims/counterclaims were before the
Court on remand:  1) summary possession; 2) declaratory
relief; 3) breach of contract, 4) breach of contract
for specific performance; and 5) declaratory relief
Trial proceeded on three issues:  1) whether the
parties entered into an Agreement of Sale with respect
to the Kona, Hawaii condominium; 2) if so, whether the

Agreement of Sale is enforceable; and 3) who has the right to possession and ownership of the Kona, Hawaii condominium.

As the Court previously determined, the breach of contract counterclaim is in the nature of assumpsit. However, the remaining claims seek equitable relief and are not in the nature of assumpsit. Despite this fact, the Court is unable to apportion the fees between the assumpsit and the non-assumpsit claims. In the present case, the issues on remand were inextricably intertwined and it would be impractical, if not impossible, for the Court to apportion the hours expended on the breach of contract counterclaim alone. This is particularly so because the breach of contract claim was dependent on whether a contract existed and if it existed, whether it was enforceable. Accordingly, the Court declines to apportion the fees between the assumpsit and non-assumpsit claims.

However, after carefully reviewing Plaintiff's time submissions, the Court finds that some reductions are appropriate, especially with respect to the

requested hours that are recorded in the "block
billing" style.  "The term 'block billing' refers to
the time-keeping method by which each lawyer and legal
assistant enters the total daily time spent working on
a case, rather than itemizing the time expended on
specific tasks." Robinson v. City of Edmond, 160 F.3d
1275, 1284 n.9 (10th Cir. 1998) (citations and
quotation marks omitted).  Block billing entries
generally fail to specify a breakdown of the time spent
on each task.

District courts have the authority to reduce
hours that are billed in block format because such a
billing style makes it difficult for courts to
ascertain how much time counsel expended on specified
tasks.  Welch v. Metropolitan Life Ins. Co., 480 F.3d
942, 948 (9th Cir. 2007).  See also id. (citing Role
Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C.
Cir. 2004) (reducing requested hours because counsel's
practice of block billing "lump[ed] together multiple
tasks, making it impossible to evaluate their
reasonableness"); see also Hensley, 461 U.S. at 437

22

(holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).  Indeed, it is a challenge to determine the reasonableness of a time entry when it includes several tasks.

In the present case, Mr. Painter has block-billed nearly all of his time entries.  The Court is therefore unable to ascertain how he apportioned his time between various tasks listed under a single time entry.  This makes it difficult, if not impossible, for the Court to determine the reasonableness of the hours expended.  As such, the Court finds that an across-the-board reduction of 10% is appropriate.  The Court declines to impose a greater reduction in light of the under-market hourly rate that Mr. Painter has applied to his billings.  A 10% reduction of the 277.7 hours expended during the remand phase of the case results in a total of 249.93 hours, which the Court finds reasonable.

Plaintiff lastly seeks fees for the preparation of the initial attorneys' fees motion.  She argues that

23

her counsel expended 12.2 hours in researching and preparing for the same. However, she did not submit any documentation to support her request. For this reason, the Court finds that a 2.2 hour reduction is appropriate and that the resulting 10 hours expended on the motion for attorneys' fees was manifestly reasonable. In sum, the Court finds that Plaintiff's counsel reasonably expended 259.93 hours in this action.

    3.    Total Fee Award

        Based on the foregoing, the Court awards Plaintiff $51,986.00 (259.93 hours x $200 hourly rate). These fees are permissible under HRS § 607-14 because they do not exceed 25% of the judgment, or in this case, the amount of damages sought by Defendant. In his modified proposed conclusion of law #44, filed on August 6, 2007, Defendant represented that he suffered damages totaling $311,329.96. Twenty-five percent of this is $77,832.49. Thus, the $51,986.00 award falls well below the 25% limitation imposed by HRS § 607-14.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court HEREBY GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Award of Attorney's Fees, filed December 31, 2007, and awards $51,986.00 in attorneys' fees to Plaintiff.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, January 31, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 01-00182 KSC; <u>NELSON V. JONES</u>, ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES